# Hettie Wanner *v.* The Emanuel's Church of The Evangelical Association, of Fleetwood, Pa.

*Corporation—De facto officer—Promissory notes.*

Promissory notes signed by de facto officers of a corporation are binding upon the corporation.

In an action against a corporation, upon promissory notes appearing upon their faces to be the individual notes of the persons signing them, where the plaintiff's statement alleges that the money for which the notes were given was lent to the corporation, and the persons signing were trustees of the defendant, and were duly authorized to execute and deliver the notes in question, the suit can be maintained against the corporation if the allegations be proved; and an averment in an affidavit of defense that the notes in suit appear to be upon their faces the individual notes of the makers thereof, and that the corporation cannot be held upon them, is not a denial of the averments of the statement, and is insufficient to prevent judgment.

*Affidavit of defense—Practice, C. P.—Examination of books.*

An allegation in an affidavit of defense that the defendant had been refused permission to examine certain books for the purpose of ascertaining the merits of plaintiff's claim is unavailing to prevent judgment. In such a case the proper course for the defendant is to show his inability to make an affidavit of defense without such inspection, and to ask for a suspension of the rule for judgment until an opportunity properly to inform himself is afforded.

Argued March 2, 1896.    Appeal, No. 307, Jan. T., 1895, by defendant, from order of C. P. Berks Co., Nov. T., 1894, No. 84, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit on promissory notes.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear by the opinion of ENDLICH, J., which was as follows:

This suit is brought by plaintiff against defendant, a corporation, upon certain promissory notes, of which the following are copies:

$425.                    FLEETWOOD, October 5, 1889.

Six months after date we promise to pay to the order of

George Knoll four hundred and twenty-five dollars at 5 per cent. interest. Value received.

WILLIAM S. MERKEL,
JOEL M. SCHAEFFER,
AMANDUS KERN,
D. F. KELCHNER,
EDWIN M. MILL,
ADAM B. SCHAEFFER.

Endorsed: For value received, I do hereby assign, transfer and set over all my interest and title in the within note unto Hettie Wanner.

GEORGE KNOLL.

$350.           FLEETWOOD, Pa., January 10, 1891.

Two months after date we promise to pay to Mary Merkel, three hundred and fifty dollars ($350) for the use of the Evangelical Church, without defalcation, for value received, with interest at 5 per cent.

WILLIAM S. MERKEL,
J. S. KELCHNER,
GEORGE HEYDT,
EDWIN M. MILL.
Trustees of Evg. Church.

Endorsed: For value received, I do hereby assign, transfer and set over, all my right, title and interest in the within note unto Hettie Wanner.

MARY MERKEL.

$1200.           FLEETWOOD, April 1, 1892.

One year after date we promise to pay to the order of Joel B. Schaeffer twelve hundred dollars at 5 per cent. interest (for the use of the Evg. Church), without defalcation, for value received.

D. F. KELCHNER,
J. S. KELCHNER,
W. S. MERKEL,
GEO. HEYDT,
A. B. SCHAEFFER.

Indorsed: For value rec'd, I do hereby assign, transfer and set over all my right, title and interest in the within note unto Hettie Wanner.

JOEL B. SCHAEFFER.

468    WANNER v. EMANUEL'S CHURCH, Appellant.

$500.                    FLEETWOOD, Pa., April 1, 1890.

One year after date we, or either of us, promise to pay to the order of Hettie A. Wanner five hundred dollars, without defalcation, for value received.

Credit the drawer.    At 5 per cent. interest.

WILLIAM S. MERKEL,
ADAM B. SCHAEFFER,
JOEL M. SCHAEFFER,
D. F. KELCHNER,
AMANDUS KERN,
EDWIN M. MILL,
GEORGE HEYDT.

$600.                    FLEETWOOD, Pa., January 22, 1891.

Two months after date we promise to pay to Schaeffer, Wanner & Co., six hundred dollars ($600) for the use of the Evangelical Church, without defalcation, for value received, with legal interest.

WILLIAM S. MERKEL,
J. S. KELCHNER,
GEORGE HEYDT,
EDWIN M. MILL,
                    Trustees of Evg. Church.

Indorsed: Fleetwood, April 1, 1891—We do hereby assign, transfer and set over all our right, title and interest in the within note unto the estate of Lewis Wanner, dec'd, without recourse.

SCHAEFFER, WANNER & Co.

The statement filed by the plaintiff avers that all of these notes were by the makers thereof, being thereto duly authorized and empowered, executed and delivered, on behalf of the defendant corporation, to the payees therein for money loaned to the said corporation; that (except the $500 and $600 notes) they were duly assigned to the plaintiff by the payees therein for a valuable consideration; that the $600 note having been so assigned to the estate of Lewis Wanner, dec'd, the title to said note subsequently became vested in the plaintiff; that she is now the holder of all said notes; and that (deducting certain specified credits) they are unpaid, to the amount, in the aggregate, of $2,550, with interest from April 1, 1894.

To this claim an affidavit of defense is filed, the principal allegations of which are that the defendant corporation was formed in 1867, consisting of members of the Evangelical Association of North America, the charter making the discipline of said association part of the organic law of the corporation; that in 1891 the majority of the members of the corporation seceded from the said association; that the loyal members adhering thereto are maintaining the corporate organization under the said charter; that the deponent is the president of their board of trustees; that opportunity has been refused by certain persons who have possession of the corporate books, etc., for examining the plaintiff's claims and determining their merits, though it is the intention of the said corporation, as represented by the said board, to pay every just and lawful debt of the corporation; that the notes in suit appear upon their faces to be the individual notes of the persons signing them, and that the defendant is advised that the said corporation cannot, under the law, be liable upon said notes; that their assignment to plaintiff entitles her to no action in her own name against the corporation; that, as to the $1,200 note, the money for which it is alleged to have been given, if loaned at all, was loaned to the seceding, and not to the loyal members of the corporation; and that, in February, 1894, the persons signing said note and their pastor reported to the conference to which they adhered that the total indebtedness of said corporation and four other congregations was but $230. Appended to the affidavit are copies of the charter of the defendant corporation and of the opinion of the Supreme Court in Krecker v. Shirey, 163 Pa. 534. The objection taken in the affidavit to the service of the summons was, at the argument, admitted by defendant's counsel to be untenable.

Do any or all of these allegations constitute such an answer to the plaintiff's demand as to disentitle her to judgment at this time?

(1) As respects third parties, the acts of de facto officers of a corporation are binding upon it: Angell & Ames, Corp. sec. 287; Field, Corp. sec. 180; and equally binding are executed contracts entered into by a corporation de facto: 2 Morawetz, Priv. Corp. sec. 750–752. Neither do the illegal acts nor the misbehavior of the members or officers of a corporation affect

the validity of lawful contracts made with it: Reg. v. D'Eyn-
court, 4 B. & S. 820 (nom. Hughes v. D'Eyncourt, 116 Engl.
C. L. Rep. 819); Hoboken B. Assn. v. Martin, 13 N. J. Eq.,
428.   One who had given the defendant corporation his obliga-
tion could not escape liability thereon by reason of the acts
charged against the officers and members of the same in this
affidavit.   Neither can the corporation avoid liability on that
ground to one to whom it has given its obligation.   There was
nothing unlawful in the giving of them, so far as appears from
this affidavit; and what is not alleged in an affidavit is taken
not to exist: Lord v. Ocean Bank, 20 Pa. 384.

(2) The allegation of want of opportunity for examining
into the merits of plaintiff's claim is unavailing.   Even where
there has been a demand and a refusal of permission to inspect
books or accounts in the possession or control of plaintiff (which
can scarcely be said to be here alleged), the only proper course
for a defendant to pursue is to show his inability to make an
affidavit of defense without such inspection, and to ask for
a suspension of the rule for judgment until an opportunity
properly to inform himself is afforded: Lord v. Ocean Bank,
supra; Leibersperger v. Sav. Bank, 30 Pa. 531; Allen v. Bank,
10 W. N. 188; Kelly v. Livingston, 1 W. N. 95.

(3) That defendant is advised that the notes in suit appear
to be upon their faces the individual notes of the makers
thereof, and that the corporation cannot be held upon them,
is not a denial of the fact averred in the statement that the
money they represent was loaned to the corporation, and that
the notes were made in its behalf by persons duly authorized
thereto.   Under the procedure act of 1887, the affidavit of de-
fense is made to the statement, not to the copy of the cause of
action filed, and whatever averments contained in the statement
are not denied by the affidavit must, upon a rule for judgment
for want of a sufficient affidavit of defense, be taken as ad-
mitted: Ashman v. Weigley, 148 Pa. 61; Ins. Co. v. Groff,
154 Pa. 200.   I do not understand this to apply to averments
so inconsistent with the cause of action as to be legally incapa-
ble of proof.   But the fact that a note is so executed by an
agent as not to disclose his principal, and therefore to make it
prima facie his individual note (and it seems clear to me that
such is the appearance of these notes: Campbell v. Baker, 2

W. 83; Sharpe v. Bellis, 61 Pa. 69; Quigley v. DeHaas, 82 Pa. 267), does not, rights of parties misled by such appearance being out of the way, preclude proof that it was intended to bind, and was in reality the note of the principal: Seyfert, McManus & Co. v. Lowe, 7 W. N. 39; Markley v. Quay, 8 W. N. 145; 1 Rand., C. P. sec. 136; for parol evidence is admissible, in case of doubt, to show that the corporation, and not its agent, was to be bound: Field, Corp. sec. 198. That is the averment of plaintiff's declaration here. The notes are said to have been executed, etc., "in behalf" of the corporation. That means "for" it: Anderson's Law. Dict., ad verb "for." A note, however, executed by one "for" another is executed by the former as agent for the latter: Campbell v. Baker, supra; Wright v. Weakly, 2 W. 89; and see Hoffa v. Building Assn., C. P. Berks County, No. 1, Jan. T., 1891, M. L. D. And if it was done by one "duly"—that is "lawfully:" (Ins. Co. v. Groff, supra, cases at p. 201)—authorized and empowered, it is the note of the principal, and not of the agent. Not being denied by the affidavit, this averment must be taken as admitted. If it is true, however, it seems the plaintiff may sue the corporation in her own name, says the act, May 28, 1715, 1 Sec. 90:

"All bonds, specialties and notes in writing . . . . may by the person or persons to whom the same . . . . are made payable, be signed . . . . to such person or persons as shall think fit to accept thereof;" and "it shall . . . . be lawful for the person or persons to whom the said bonds, specialties or notes are assigned . . . . in his or their own name, or names, to commence and prosecute his, her or their actions at law for the recovery of the money mentioned in such bonds, specialties or notes," etc.

The provision of sec. 8, that the assignment shall be under seal and before two or more credible witnessess, applies, in terms, only to bonds and specialties.

(4) Understood as intended to question the fact that the money represented by the $1,200 note was loaned to the corporation, the allegation that, if loaned at all, it was loaned to the seceding, and not to the loyal members, is insufficient as being an hypothetical, instead of a positive statement, under Damm v. Ortlieb, 1 W. N. 576. On the other hand, if it was

intended to intimate that the recipients had departed from the lawful purposes of the incorporation, its force as a defense is disposed of by what has been said above.

(5) The fact that there was a report of a less indebtedness of the defendant corporation than that here sought to be enforced, can scarcely be of any significance. It would hardly be supposed that the statement of a debtor to a third party that he owed the plaintiff nothing upon, or less than the face of, obligations of the debtor held by the plaintiff, would be evidence in the former's favor upon a trial. And if it is not, it is of no avail in an affidavit of defense : Hendel v. Assur. Co., 2 Distr. R. 116, and cases there cited. A conspiracy, however, between the makers of the notes in suit and the plaintiff, to subject the defendant corporation to a liability which does not, in law and equity, exist, is not averred in the affidavit. The only thing that is averred is an intention on the part of the plaintiff and the former officers of the corporation, in accepting service of the summons, to bring about a sheriff's sale of the defendant's property, etc. But, in the first place, that does not go to the consideration of the notes, or the right to enforce them ; in the second place, it may be avoided by payment of what is due upon them, and in the absence thereof is an undoubted right of the plaintiff ; and, finally, the objections to the service are withdrawn if, indeed, the filing of an affidavit to the merits is not, in itself, a waiver of such objection, because that is an actual appearance : Hickernell v. Bank, 62 Pa. 146, 148 ; Morton v. Hoodless, 1 Miles, 46.

In the absence of any positive denial that, in good conscience, the defendant owes the plaintiff the money she is seeking to recover, I am of the opinion that there is nothing in this affidavit that can amount to an available legal or equitable defense ; and therefore the rule to show cause is made absolute.

*Error assigned* was order making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Cyrus G. Derr, Ritchie & Esher,* and *Aug. S. Sassaman* with him, for appellant.—Where a contest as to corporate identity between two parties, each of whom claims to be the corporation, has been decided in favor of one or the other of them, the suc-

cessful party cannot upon any reasonable theory be compelled to pay the debts incurred by the unsuccessful party, excepting perhaps, in so far as the debts may have been contracted for the necessary maintenance or preservation of the corporate property: Krecker v. Shirey, 163 Pa. 534; 4 Am. & Eng. Ency. of Law, 198.

No recovery can be had against a corporation upon a promissory note which has nothing upon its face indicative of an intent to bind the corporation, and this, though the suit be brought by the original payee, unless perhaps where it is alleged and shown by a proper measure of extrinsic evidence that the note was intended to have been that of the corporation, and that fitting words to so make it were omitted by accident or mistake: Stackpole v. Arnold, 11 Mass. 27; Pentz v. Stanton, 10 Wendell, 272; Packard v. Nye, 2 Metc. 47; Chick v. Trevett, 20 Me. 464; Powers v. Briggs, 97 Ill. 493; Tassey v. Church, 4 W. & S. 346; Seyfert, McManus & Co. v. Lowe, 7 W. N. C. 39; Roberts v. Austin, 5 Wharton, 313; Phillips v. Meilly, 106 Pa. 536.

Where an action is based upon a promissory note which upon its face evidenced an indebtedness not by, but to, the defendant, or which is at least equally consistent with an indebtedness to, as with and indebtedness by the defendant, no judgment can be entered as to the note for want of an affidavit of defense, unless the plaintiff's statement contains helping averments showing the indebtedness upon the note to be that of the defendant.

*Jefferson Snyder*, of *Baer & Snyder*, *Philip S. Zieber* with him, for appellee.—A contract made by one on behalf of another prima facie imports that the former made the contract only as agent: 2 Am. & Eng. Ency. of Law, 164; Lewis v. Nicholson, 18 Q. B. 502.

A corporation acts only through its agent and its officers who are its agents. It is a well established rule of law, that when an agent names his principal, the principal is responsible, not the agent: Roberts v. Austin, 5 Whart. 314.

*Cyrus G. Derr*, *William Ritchie* and *Edward B. Esher* with him, for appellant, in reply.—These notes on their face disclose no liability on the part of this defendant. Plaintiff has not

supported her "helping" averments with her oath, and yet such averments are absolutely necessary to connect defendant with the alleged cause of action. Under these circumstances, no affidavit of defense is required to prevent judgment: Vulcanite Co. v. Phila. Tr. Co., 2 Pa. C. C. 375; Ins. Co. v. Brierly, 10 W. N. C. 45; Bradford v. Bradford, 1 Clark, 209; Pennypacker v. C. & A. R. R., 3 Penny. 402; Wall v. Dovey, 60 Pa. 213; Hummell v. Singer, 1 Pearson, 17.

PER CURIAM, March 7, 1896:

The plaintiff's statement did allege that the money for which the notes in suit were given was lent to the defendant corporation, and that the persons signing were trustees of the defendant and were duly authorized to execute and deliver the notes in question. These averments are not denied in the affidavit of defense. The matters which are there averred we do not regard as a defense to these notes. We are satisfied with the reasoning and authorities expressed and cited in the opinion of the learned court below, and that the conclusion reached was correct.

Judgment affirmed.