STATE *ex rel.* POWERS, CITY ATTORNEY, *v.* HORACE SHELTON *et al.*

(*Knoxville.*   September Term, 1917.)

1. **NUISANCE.   Abatement.   Relator.**

Pub. Acts 1913 (2d Ex. Sess.) chapter 2, section 2, conferring on certain courts jurisdiction to abate certain public nuisances, on relation of the attorney general, or of any district attorney of the State, or "any city or county attorney" or any ten or more citizens of the county wherein the nuisances may exist, does not necessitate the construction, without which it will not be given such effect, that any city or county attorney may go out of his local jurisdiction and institute such an action in any other city or county. (*Post,* pp. 347-348.)

2. **NUISANCE.   Abatement.   Relator.   Abatement of action.**

Error in refusing to abate an action to abate a public nuisance in the city of P. because the relator was the city attorney, not of P., but of K., is not affected by the fact that P. was subsequently included in K. (*Post, p.* 348.)

FROM KNOX.

Appeal from the Circuit Court of Knox County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—VON. A. HUFFAKER, Judge.

W. T. KENNERLY and FRED C. HOUK, for appellants.

J. PIKE POWERS, JR., City Attorney, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

In this case the State filed its bill in the circuit court of Knox county against the defendant, under what is known as the Nuisance Law, chapter 2 of the Acts passed by the fifty-eighth General Assembly, at its second extra session. It charged him with maintaining a place or house for the sale of intoxicating liquors at No. 2351 Magnolia street, in Park City, which adjoins the city of Knoxville, but is a distinct municipal corporation. This bill was filed on relation of Hon. J. Pike Powers, Jr., city attorney of Knoxville, and not by the city attorney of Park City, nor was it filed by the district attorney of the district in which Knox county is situated, nor by the Attorney-General of the State. These facts were pleaded in abatement of the action, but this plea in abatement, on the hearing, was disallowed. The case was then proceeded with, and a decree entered, finding the defendant guilty and enjoining him from all acts charged against him in the bill, and ordering a sale of property which had been seized, consisting of an automobile and certain other property. On appeal to the court of civil appeals this judgment was affirmed, and the case was then brought to this court by the writ of *certiorari*.

The only question we shall consider is whether the plea in abatement should have been sustained. We are clearly of the opinion that it should have been upheld and the suit dismissed.

Two arguments are made in favor of the action of the trial judge and of the court of civil appeals. The first is that the language of the act is general as to the persons on whose relation the bill may be filed, and the second is that since the suit was tried in 1916 the Legislature has included Park City, by the Acts of 1917, within the limits of the city of Knoxville.

As to the first defense: This is based on section 2 of the act, which reads as follows:

"Jurisdiction is hereby conferred upon the chancery, circuit, and criminal courts of this State to abate the public nuisances defined in the first section of this act upon petition in the name of the State, upon relation of the attorney-general, or any district attorney of the State, or any city or county attorney, or without the concurrence of any such officers, upon the relation of ten or more citizens and freeholders of the county wherein such nuisances may exist, in the manner herein provided."

The contention is that the language, "any city or county attorney" is broad enough to include every city or county in the State; that therefore any city or county attorney may go out of his local jurisdiction and institute such an action in any other city or county in the State. This could not have been intended by the legislature. The course of action that would result from such construction would produce unseemly conflict all over the State, and would be so out of harmony with the general course of the administration of judicial affairs as that it could not be enter-

tained for a moment, unless such construction should be found imperative; that is, unless it should appear that no other construction were possible. Naturally each of these officers should be treated as acting within his own local jurisdiction—the attorney-general covering the whole State, the district attorney his district, each county or city attorney, his county or city.

As to the second defense: This could not be entertained. The defendant's right to an abatement of the action was complete before the assembling of the legislature of 1917, to say nothing of the date on which the Act of 1917 was passed.

It results that the judgment of the court of civil appeals, and of the trial court, must be reversed, and the suit dismissed with costs.