WRIGHT *v.* DRURY PETROLEUM CORPORATION.

BILLS AND NOTES—NEGOTIABLE INSTRUMENTS LAW—NOTE SIGNED BY CORPORATION AND DEFENDANT IN REPRESENTATIVE CAPACITY OBLIGATION OF CORPORATION ONLY.

In an action on a promissory note, "We promise to pay," signed by a corporation and defendant, with the words "Executive Board" opposite his signature, the corporation alone is liable under the negotiable instruments law (2 Comp. Laws 1915, § 6040), where his testimony that he was authorized by the corporation to sign said note on its behalf was not controverted; the words "Executive Board," being added to show that defendant signed in a representative capacity within the meaning of said statute, although the word "by," "per," or "pro" was omitted, and the nominative "we" aptly designates a corporation aggregate.[1]

Error to Saginaw; Snow (Ernest A.), J. Submitted December 2, 1924. (Docket No. 53.) Decided December 31, 1924.

Assumpsit by Harriet H. Wright against the Drury Petroleum Corporation, James E. Anderson, and another on a promissory note. Judgment for plaintiff. Defendant Anderson brings error. Reversed, and judgment ordered to be entered for defendant Anderson.

*O'Keefe & O'Keefe,* for appellant.

*Crane & Crane* and *W. J. Nash,* for appellee.

WIEST, J. Plaintiff, claiming to be the holder for value before maturity of the following note, brought this suit against the Drury Petroleum Corporation,

---

[1] Bills and Notes, 8 C. J. § 276.

J. E. Anderson and Charles G. Walker as makers thereof.

"$10,000.                                            10/20, 1921.

"Sixty-days after date We promise to pay to the order of Williams Investment Co., Ten thousand & no/100 dollars at their office.    Value received.    Interest 7%.

"DRURY PETROLEUM CORP.

"Executive Board.    J. E. ANDERSON,

"Due 12/20/21.           CHAS. G. WALKER."

Defendant Anderson by plea, notice and affidavit denied execution of the note otherwise than as an officer of the corporation acting by authority.    Judgment was rendered against the corporation, Anderson and Walker, and Anderson reviews by writ of error.

By motions to direct verdict, enter judgment *non obstante veredicto* and for a new trial, and requests for instructions to the jury and exceptions taken, the main question presented is whether the note on its face purports to be the obligation of the corporation alone.

The trial judge instructed the jury:

"So you are instructed as a matter of law, at the beginning, that this note evidences an obligation on the part of the Drury Petroleum Corporation, J. E. Anderson and Charles G. Walker, to the Williams Investment Company, for ten thousand dollars.    *    *    *

"I instruct you the note is Anderson and Walker's note, until they prove to you it is not.    If they do not satisfy you of that, in so far as Anderson and Walker are concerned, they are liable upon it, as a matter of law.    And that principle is practically conceded on both sides of this case.    There is not anything to show on this note that the note was signed by J. E. Anderson and Charles G. Walker, for the Drury Petroleum Corporation.    If they intended that, they should have said, 'Drury Petroleum Corporation, by J. E. Anderson and by Charles G. Walker.'    It does not say that, therefore they are individual makers of this note, and that is not for your consideration. It is a matter of law for the court to decide, and the

court has come to that conclusion, and so instructs you."

The trial judge also instructed the jury that the burden rested upon defendants Anderson and Walker to establish the fact they signed the note by authority and on behalf of the corporation and not for themselves, but even this, if established, would constitute no defense against plaintiff if she was a purchaser for value before maturity.

The negotiable instruments law (2 Comp. Laws 1915, § 6040 *et seq.*) speaks with authority, is not handicapped by previous judicial holdings, carries its own definitions, interprets acts and determines by somewhat arbitrary rules rights, remedies and liabilities.

Defendant Anderson invokes section 22 of that law (§ 6061):

"Where the instrument contains, or a person adds to his signature, words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

In 1 Joyce, Defenses to Commercial Paper (2d Ed.), § 27, it is said of this section of the negotiable instruments law:

"Prior to the enactment of this section there were a long line of decisions holding that where one signs an instrument and adds after his signature the words 'agent,' 'trustee,' 'guardian,' 'administrator,' 'secretary,' 'treasurer,' 'president,' etc., he is rendered personally liable, since the use of the affix is regarded merely as *descriptio personæ*, and not as indicating a signing in a representative capacity, in the absence of words showing that the signing was 'for' or 'on behalf' of another, or words to that effect. But by the adoption of the foregoing section of the statute,

the rule of interpreting instruments so signed has been changed; so that now if one signs an instrument and adds words indicating a representative capacity, and the instrument discloses the principal, and the person signing had authority to sign in a representative capacity, he can not be held personally liable, the principal alone being liable. If, on consideration of the whole instrument, a doubt arises whether the instrument was signed in a representative capacity, parol evidence is admissible to show whether the signing was in a representative capacity or individually."

Plaintiff claims the words "Executive Board," relied on by defendant Anderson to show he signed in a representative capacity only, were not *added* to his signature. It will be noticed the words "Executive Board" are opposite the signature of Mr. Anderson. This being the case, are such words to be considered as added to his signature? To "add to his signature words indicating that he signs for or on behalf of a principal or in a representative capacity," calls for no more than appropriate words joined to the signature and pointing to such fact. Such pointing may be upward to the signature or sideward to it, and be considered as added, for to "add" as here employed means to join to a signature the qualitative words.

The Drury Petroleum Corporation could execute the note only by some representative hand. The note required no intrinsic evidence in explanation of Mr. Anderson's signature; it carried on its face his exemption from personal liability if he signed the name of the corporation by authority.

The affix "Executive Board" to Mr. Anderson's signature shows he signed the corporate name in that character and capacity alone. "The use of the word 'by' or 'per' or 'pro' would not add to the certainty of what is thus expressed." *Aungst* v. *Creque*, 72 Ohio St. 551 (74 N. E. 1073). See, also, *Reeve* v. *National Bank,* 54 N. J. Law, 208 (23 Atl. 853, 16

L. R. A. 143, 33 Am. St. Rep. 675) ; *Phelps* v. *Weber,* 84 N. J. Law, 630 (87 Atl. 469).

The nominative "We" in the note aptly designates a corporation aggregate.    *Aungst* v. *Creque, supra.*

If defendant Anderson was duly authorized by defendant corporation to sign the note for it as a member of its executive board, he is exempt from personal liability, for the note disclosed the principal and appropriate words added to the signature of Mr. Anderson indicated that he signed on behalf of the corporation in the representative capacity designated. Defendant Anderson testified he was duly authorized by the corporation to execute the note on its behalf and we find no testimony to the contrary.    The note carried on its face unambiguous notice of the representative capacity in which defendant Anderson signed, and plaintiff by purchase for value before maturity acquired only such rights as the note by its very terms and under the negotiable instruments law gave.    Defendant Anderson is not liable.

The judgment against him is reversed with direction to enter judgment in his favor in the circuit court. He will recover costs against plaintiff.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.