KENNEDY & PARSONS CO. v. LANDER DAIRY
& PRODUCE CO. ET AL.*

(No. 1312; February 8, 1927; 252 Pac. 1036.)

BILLS AND NOTES—PLEADING—NEGOTIABLE INSTRUMENTS—CORPORATE
NOTES—OFFICER'S PERSONAL LIABILITY.

1. Petition, alleging that defendant directors were indebted to
   plaintiff as makers of note signed by dairy company and
   board of directors, *held* not to state cause of action
   against directors, since they must be taken to have signed
   for and on behalf of corporation, in view of Comp. St.
   1920, § 3953.

2. That corporate name on note is followed by names of in-
   dividuals constituting board of directors raises no pre-
   sumption that such individuals were acting in individual
   capacity, since corporation can act only through author-
   ized agents and officers.

3. In note signed by corporation and directors who signed
   below corporate name, statement that ''we'' promise to
   pay does not indicate personal liability of directors, since
   ''we'' aptly designates corporation.

4. Allegation that note, signed by corporation and board of
   directors, was executed by defendant directors does not
   indicate that directors bound themselves personally,
   since ''execute'' means to sign or sign and deliver, and
   corporation must act through officers.

*See Headnotes:   (1) 8 C. J. p. 873 n. 79.   (2) 8 C. J. p. 108 n.
32.   (3) 8 C. J. p. 85 n. 53.   (4) 8 C. J. p. 873 n. 76.

ERROR to District Court, Fremont County; C. O. BROWN,
Judge.

Action by the Kennedy & Parsons Company against the
Lander Dairy & Produce Company and others. Judg-
ment for defendants, J. L. Burch and others, and plain-
tiff brings error.

*E. H. Fourt,* for plaintiff in error.

The notes sued upon do not show that signers were act-
ing for the corporation; Burlingame v. Brewster, 79 Ill.

515; Tilden v. Barnard, 43 Mich. 376; Titus v. Kile, 10 O. S. 445. Position of the signature is immaterial; Quiwn v. Sterne, 71 Am. Dec. 204. The petition alleges that defendants were joint makers, a fact admitted by the demurrer; 3 R. C. L. 1095. The notes were personal obligations; Hypes v. Griffen, (Ill.) 31 Am. Rep. 71. A note reading, "we promise to pay" binds all of the signers; Bank v. Co., 52 L. R. A. 307. Questions of demand, notice and protest are immaterial; Ray v. Smith, 21 L. Ed. 666; Bank v. Andreson, 32 Pac. 168.

*A. H. Maxwell,* and *O. N. Gibson,* for defendants in error.

The notes were executed by the corporation; 3953 C. S.; Brannan's Negotiable Instruments Law, 70-73. Under the admission of plaintiff, defendants are not liable; the instrument discloses the principal of the persons signing; 3953 C. S. The word "we", in a note, does not necessarily imply a plurality of makers; Aungst v. Creque, (Ohio) 74 N. E. 1073. An instrument signed by a corporation, followed by the name or names of officers and their title, creates a corporation liability and nothing more; Swartz v. Cohen, (Ind.) 38 N. E. 536; Bird v. Daggett, 97 Mass. 494; Liebscher v. Kraus, (Wis.) 43 N. W. 166; New England Co. v. Shook, (Colo.) 145 Pac. 1002; 8 C. J. 164; Reeves v. Glassboro Bank, (N. J.) 23 A. 853; 16 L. R. A. 143. Agreed liability of an officer executing must be specially alleged and proved; 8 C. J. 869; White v. Co., (Cal.) 157 Pac. 544.

TIDBALL, District Judge.

In this case plaintiff sought recovery against the defendants upon several promissory notes. These notes are identical except as to the due date, and hence but one will be here considered, the one set out in the first cause of action. The petition alleges that the defendants are indebted to plaintiff in a sum certain which is stated; that

the sum is due on a promissory note executed by defend-
ants; that the note "was duly presented to the defend-
ants," that the "note is in words and figures as follows:

Lander, Wyoming,

April 20, 1922.

$305.00.

Thirty (30) days after date we promise to pay to the
order of Kennedy and Parsons Co.

Three hundred five    -    -    -    -    -    -    Dollars
at .................................. value received with interest at the
rate of 8 per cent per annum.

Lander Dairy and Produce Co.

Board of Directors,

L. L. Burch

F. M. Chapman

Herbert Jensen

J. H. Mitchell

R. M. Adams."

that plaintiff is the owner and holder of the note, that the
same is justly due and owing and payable from defend-
ants to plaintiff and that no part has been paid.

The Lander Dairy and Produce Company defaulted
and judgment by default was entered against it. The
other defendants, who are the persons whose names are
signed beneath the words "Board of Directors," de-
murred on the ground that the petition failed to state a
cause of action against them. The several demurrers were
sustained, and the plaintiff electing to stand on the peti-
tion, judgment was entered by the trial court in favor
of the demurring defendants and the plaintiff has brought
the case here on proceeding in error, claiming error in
sustaining the demurrers and rendering judgment against
the plaintiff as to the demurring defendants.

The only question to determine is whether the petition
states a cause of action against the defendants whose
names are signed beneath the words "Board of Direc-
tors." We think it does not. We believe that under the

petition as drawn, the defendants Burch, Chapman, Jensen, Mitchell and Adams must be taken as persons constituting the Board of Directors of the Lander Dairy and Produce Company, and that they signed for or on behalf of their principal, or in a representative capacity only, and hence under the statute (Sec. 3953. W. C. S. 1920) are not liable on the instrument in the absence of an allegation that they were not authorized to sign on behalf of such principal. The petition contains no such allegation.

Section 3953, W. C. S. 1920, above referred to, is Section 20 of the uniform negotiable instruments law, and reads as follows:

"Where the instrument contains or a person adds to his signature, words indicating that he signs for or on behalf of the principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability."

We think the instrument sued on in this case clearly contains words indicating that the defendants in question signed for and on behalf of their principal, the Lander Dairy and Produce Company, and that their principal is disclosed, and there being no allegation that they acted without authority, they are not liable. It should be borne in mind that a corporation can act only through its authorized agents and officers, and hence the mere fact that the corporate name is followed by names of individuals should raise no presumption that such individuals were acting in their individual capacity.

Nearly all the cases we have been able to find discussing this question are set out in Brannan's Negotiable Instruments Law (4th Ed.) under the above quoted section of the negotiable instruments law, and we do not believe any good would come from an extended discussion of these

decisions. They were in hopeless conflict before the adoption of the negotiable instruments law and are still in conflict, though not in so marked a degree as formerly, many of the courts changing their former rulings in conformity with the statute above quoted. We cite the following cases, which we have chosen from among many, as upholding our conclusions in the present case: Chelsea Exchange Bank v. First United Presbyterian Church, 89 Misc. Rep. 616, 152 N. Y. S. 201; Liebscher v. Kraus, 74 Wis. 387, 43 N. W. 166, 5 L. R. A. 496, 17 Am. St. Rep. 171; Reeves v. Glassboro First National Bank, 54 N. J. L. 208, 23 Atl. 853, 33 A. S. R. 675, 16 L. R. A. 143; Wright v. Drury Petroleum Corp., 229 Mich. 542, 201 N. W. 484; Jump v. Sparling, 218 Mass. 324, 105 N. E. 878; Consumers Twine & Mchy. Co. v. Mt. Pleasant Thermo Tank Co., 196 Ia. 64, 194 N. W. 290; Wilson v. Clinton Chapel etc. Church, 138 Tenn. 348, 198 S. W. 244.

In Chelsea Exchange Bank v. First United Presbyterian Church, supra, the note read:

"Thirty days after date we promise to pay" etc.
            "First United Presbyterian Church
                16 West 108th St.
                    Pres. John Elliott
                    Treas. Edward A. Shea."

On the back of the note appears the following indorsement:

"First United Presbyterian Church
                    John Elliott, Pres.
                    Edward A. Shea, Treas.
                    Finance Committee
                        John Elliott
                        Edward A. Shea
                        John McKee."

The question was whether those who signed the note on the back under "Finance Committee' could be held

individually as indorsers. The court held them not liable, saying:

"If there were doubt of this under common law principles, the Negotiable Instruments Law has resolved the doubt in favor of these defendants."

citing the section of that law above quoted and a further section, being identical with Sec. 3977, W. C. S. 1920, and reading as follows:

"Where any person is under obligation to indorse in a representative capacity, he may indorse in such terms as to negative personal liability."

The words 'Finance Committee, John Elliott, Edward A. Shea, John McKee,' appear as an integral part of the corporate indorsement, and parol proof to show an intent thereby to create a personal liability would necessarily be rejected or disregarded, as contrary to the convincing evidence of intent to be found within the four corners of the note itself."

In the case of Liebscher v. Kraus, supra, the note read as follows:

"Ninety days after date we promise to pay," etc.
"San Pedro Mining and Milling Co.
F. Kraus, Pres."

It was held that this note was, as a matter of law, the note of the company alone, and that parol evidence was inadmissible to show that Kraus signed in his individual capacity and was himself liable. The court, after discussing a great many cases, said:

"The principle of these authorities seems to be that if the agent signed the note with his own name alone, and there is nothing on the face of the note to show that he was acting as agent, he will be personally liable; but if his agency appears with his signature, then his principal only is bound."

In Reeves v. First National Bank of Glassboro, supra, the note read:

"We promise to pay," etc.

"Warrick Glassworks,
J. Price Warrick, Pres."

The court in discussing this case had this to say:

"In such case the note is taken conclusively to be that of the corporation. I do not perceive any significance in the use of the words 'we promise to pay,' instead of the company promises to pay.' The contention was that the use of these words raised an implication that it was the joint note of the corporation and Warrick, but, as has been remarked in more than one of the cases cited, * * * * the word 'we' is often used by a corporation aggregate."

In the case of Wright v. Drury Petroleum Corp., supra, the note read:

"Sixty days after date we promise to pay" etc.
"Drury Petroleum Corp.
Executive Board, J. E. Anderson
Chas. G. Walker."

The court, in holding Anderson not personally liable on this note, said:

"The Drury Petroleum Corporation could execute the note only by some representative, and in the affixing of 'Executive Board' to Mr. Anderson's signature, showed he signed the corporate name in that character and capacity alone. The use of the word 'by' or 'per' or 'pro' would not add to the certainty of what is thus expressed. * * * * The nominative 'we' in the note aptly designates the corporation aggregate."

In Wilson v. Clinton Chapel etc. Church, supra, the note read:

"Two years after date for value received we promise to pay" etc.

"For money loaned to A. M. E. Z. Church,

| G. A. Robinson, Chm. | Wm. Johnson |
|---|---|
| A. G. Sliger | David Malcolm |
| Wm. Greenlee | Jno. H. Alexander, G. Sec. |
| W. A. Murrell | Wm. Alexander." |

The court, in holding the church alone liable and holding that those who signed the note were acting for the church, said:

"The rule relied on has been changed by the negotiable instruments statute (quoting the statute above set out.) This note clearly shows that the trustees signed for and on behalf of a disclosed principal, to-wit, the Clinton African Methodist Episcopal Zion Church. * * * * If they were authorized to bind the church, then the church is liable, and the trustees individually are not liable."

Plaintiff in error in its brief lays emphasis on the fact that the note in question reads "we" promise to pay. However, we think the use of the word "we" aptly designates a corporation and the cases above so hold.

It may be, though we do not decide the point, there being great conflict in the decisions, that one suing on a note similar to the one in question might be permitted to allege and prove that the defendants in question signed as individuals and not as agents. Some cases so hold. But the only allegation in the petition in this case pointing in that direction is that the note was executed by defendants. This allegation must, however, be read in connection with the copy of the note set out in the petition, and when so read clearly could have no such effect. The word "execute" means to sign, or sign and deliver (David v. Whitehead, 13 Wyo. 189, 79 Pac. 19, 923), and,

as shown above, a note of a corporation must be executed by its agents; and the note in question shows on its face that it was executed by the Board of Directors of the corporation.

*Judgment affirmed.*

BLUME, Ch. J., and BURGESS, District Judge, concur.