# CHARLESTON.

First Nat. Bank of Pennsboro *v.* Delancey *et al.*

(No. 6532)

Submitted April 29, 1930.   Decided, May 6, 1930.
(Rehearing Denied July 17, 1930.)

*Thomas J. Davis,* for plaintiff in error.
*S. A. Powell,* for defendant in error.

Hatcher, Judge:

The plaintiff in error, J. W. McGinnis, is a trustee of a church. He signed a note executed on behalf of the church. The circuit court found that he was bound thereon personally.

The note in question is as follows:

"Pennsboro, W. Va., July 19th, 1924.

"On demand, we, the trustees of the Ellenboro M. E. church, promise to pay to the order of the First National Bank without offset and for value received One Thousand Dollars negotiable and payable at the First National Bank of Pennsboro, W. Va., with interest from date.

"C. W. Delancey,
"S. D. Riley,
"Lulu M. Dwyer,
"Mary L. Riley,
"J. W. McGinnis,
"C. B. Morris,
"E. H. Delancey."

The church building was under construction and the money borrowed on the note was needed for its completion. The bank was fully apprised of the situation. According to the court records, S. D. Riley, J. W. McGinnis, and E. H. Delancey were trustees. There was oral testimony not objected to or contradicted (see record, pages 26 and 31) to the effect that C. W. Delancey and C. B. Morris were also trustees, and with the other three constituted the entire board. Lula M. Dwyer and Mary L. Riley were members of the church building committee.

Section 20 of the Negotiable Instrument Law (Code, c. 98A), provides: "Where the instrument contains * * * words indicating that he [a maker] signs * * * in a representative capacity, he is not liable on the instrument if he was duly authorized. McGinnis and his associates described themselves in the body of the note as "we, the trustees of the Ellenboro M. E. church." The word "trustees" signifies representation. It points ex vi termini to a real party in interest—here disclosed. *Johnson* v. *Smith*, 21 Conn. 627, 632, 633. No reason appears for using the descriptive phrase except to show the representative capacity of the makers. Men do not make an idle reference in a personal contract to their official connection with some third party in no way related to the transaction. *Bank* v. *Steel Co.*, 155 Ind. 581, 585, 58 N. E. 833, 52 L. R. A. 307. The promise to pay in the body of the instrument is the promise of the trustees, as such. We should not "be astute to misapprehend" such plain language. Annotation, 48 Am. St. Rep. 919.

As a general rule, a trustee has no implied power to bind the trust estate for money borrowed, and, even if he promise as trustee, he is bound personally. "The trust estate cannot promise." *Taylor* v. *Davis*, 110 U. S. 330, 335, 4 S. Ct. 147, 150, 28 L. Ed. 163; *Dantzler* v. *McInnis*, 151 Ala. 293, 44 So. 193, 13 L. R. A. (N. S.) 297, 125 Am. St. Rep. 28; 28 A. & E. Ency. Law 983; 39 Cyc. 331. But Code, c. 57, § 8, gives to the board of trustees for a church express authority to borrow money "if required for building * * * purpose," and to ".execute a lien upon any property, real or personal, held by them as such trustees to secure the payment thereof." As the

money secured from the bank was required for the church building, the right to borrow it was within the statutory authority of the board. There is no proof of a formal meeting by the board of trustees. But greater formality is not required to constitute board action by church trustees, than by directors of private corporations. See, generally, 34 Cyc. 1134. In the case of the latter "it is sufficient if all the members are present and participate in the meeting and proceedings." 14a C. J. p. 86, § 1844. The joint execution of the note by all the trustees after having "talked it over" (as a witness said) made it their act as a board. Therefore, the trustees acted in a representative capacity in a matter within their authority and are protected by the statute.

The evidence as to how the bank or how McGinnis considered he was bound on the note is immaterial. The written words exempt him from liability, under the law and the circumstances. *Wilson* v. *M. E. Church,* 138 Tenn. 398, 198 S. W. 244. The decisions from other jurisdictions to the contrary, cited in the appellee's brief, were not made under the Negotiable Instrument Law and cannot withstand its express provisions.

The judgment of the lower court is therefore reversed as to the plaintiff in error, and the action dismissed as to him.

*Reversed; dismissed as to plaintiff in error.*