Dormont Savings & Trust Co., Appellant,
*v.* Kommer.

Dormont Savings & Trust Co., Appellant,
*v.* Philips.

Argued March 21, 1940. Before SCHAFFER, C. J., MAXEY, DREW, STERN, BARNES and PATTERSON, JJ.

*Charles F. C. Arensberg,* of *Patterson, Crawford, Arensberg & Dunn, James M. Graham* and *Ella Graubart,* for appellant.

*Jason Richardson,* for appellees.

OPINION BY MR. JUSTICE STERN, May 6, 1940:

Several series of renewal notes, executed on behalf of Mt. Lebanon Baptist Church, an incorporated body, to Dormont Savings & Trust Company, culminated in the four upon which recovery is sought in the present actions (tried together) against two of the endorsers thereon. These notes are in the respective sums of $8,200, $4,000, $8,500, and $750 (reduced by payments to $550). The first three are signed

> "Mt. Lebanon Baptist Church
> Board of Trustees
> Harry L. Baer      Chairman
> Attest R. C. Lightcap      Secretary"

On the fourth note the name of E. N. Philips appears as secretary instead of that of Lightcap. Each of the notes is made payable to the order of "Ourselves." Two of them are endorsed as follows:

"Mt. Lebanon Baptist Church
Board of Trustees
Harry L. Baer       Chairman
Attest R. C. Lightcap       Secretary

J. L. Shields
J. A. Kommer
M. V. Bybee
E. N. Philips

H. W. Ewalt
L. C. Clark"

In the endorsements on the third note the names of Philips and Bybee are transposed, and under the name of Clark is that of J. L. Shields, so that the latter's name appears twice on the back of the instrument. The endorsements on the fourth note are as follows:

"Mt. Lebanon Baptist Church
Board of Trustees
Harry L. Baer       Chairman
Attest E. N. Philips       Secretary

J. L. Shields
J. A. Kommer
H. W. Ewalt
L. C. Clark
M. V. Bybee
E. N. Philips"

Dormont Savings & Trust Company is attempting to hold J. A. Kommer and E. N. Philips liable individually as endorsers. The jury rendered verdicts for defendants,

and plaintiff now appeals from the refusal of the court below to enter judgment in its favor n. o. v.

By section 20 of the Negotiable Instruments Law of May 16, 1901, P. L. 194, it is provided that "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized; . . ."

As far as the notes of $8,200, $4,000, and $8,500 are concerned, it would seem reasonably clear that defendants' endorsements meet the requirements of this section for exemption from personal liability. The principal, Mt. Lebanon Baptist Church, is named, and the back of each note contains the words "Board of Trustees" and indicates that the first four signatures appearing thereunder are the persons constituting the Board and that they signed in that capacity. The evidence establishes that they were duly authorized by a resolution of the congregation which directed the Board to borrow the money needed for the erection of its new church building, and, as security therefor, to execute the necessary notes. It was also shown that Shields, Kommer, Bybee and Philips, together with Baer as chairman, constituted the Board of Trustees at the time these three notes were executed.

In *Chelsea Exchange Bank v. First United Presbyterian Church,* 152 N. Y. Supp. 201, a note was endorsed "First United Presbyterian Church, John Elliott, Pres. Edward A. Shea, Treas. Finance Committee, John Elliott, Edward A. Shea, John McKee." It was held that Elliott, Shea and McKee could not be held liable, since it appeared from the manner of their endorsements that they were acting in a representative capacity as members of the Finance Committee.

In *Wilson v. Clinton Chapel African Methodist Episcopal Zion Church,* 138 Tenn. 398, 198 S. W. 244, the endorsements consisted of eight names, including one as chairman and another as secretary, and all followed by the words "Trustees A. M. E. Zion Church." It was

held that under the provisions of section 20 of the Negotiable Instruments Law they were relieved from personal liability if the testimony showed they were authorized to bind the Church.

In *First National Bank of Pennsboro v. Delancey,* 109 W. Va. 136, 153 S. E. 908, the signatories of a note were held not to be individually liable, it appearing in the body of the note that they were the trustees of a church and obligated themselves only in that capacity.

In *Kennedy & Parsons Co. v. Lander Dairy & Produce Co.,* 36 Wyo. 58, 252 Pac. 1036, a note was executed by "Lander Dairy & Produce Co. Board of Directors," followed by individual names. The court held that it was thereby sufficiently indicated that these persons constituted the Board of Directors of Lander Dairy & Produce Co. and that they signed on behalf of the corporation as principal and were therefore absolved from liability.

It is urged by plaintiff that because the names of the four endorsers, including those of defendants, are grouped together *under* the stamped words "Mt. Lebanon Baptist Church, Board of Trustees," it cannot be determined from a mere observation of the paper that they were the members of the Board and signed as such. But the same arrangement existed in the *Chelsea Exchange Bank* case and in the *Lander Dairy & Produce Co.* case, supra. Likewise in *Wright v. Drury Petroleum Corporation,* 229 Mich. 542, 201 N. W. 484, a note was signed:

"Drury Petroleum Corp.

Executive Board, J. E. Anderson,

Charles G. Walker."

It was held that it was of no significance that the individual names *followed* the words "Executive Board." The court said the statutory requirement of words indicating the signatures to have been in a representative capacity called for no more than the use of appropriate words pointing to that fact, and the relative position of such words and the signatures was immaterial. It was said by CARDOZO, J., in *New Georgia National Bank v.*

*J. & G. Lippmann,* 249 N. Y. 307, 164 N. E. 108: "Whenever the form of the paper is such as *fairly to indicate to the eye of common sense* that the maker signs as agent or in a representative capacity, he is relieved of personal liability if duly authorized." There would seem to be no reason to distinguish a case where the words "Board of Trustees" precede from one where they follow the names of the individual members.

Even were it doubtful whether the four names under the words "Board of Trustees" "fairly indicate to the eye of common sense" that these persons constituted the membership of the Board and signed as such, the most to which plaintiff was entitled was to have the question submitted to a jury. Where there is an obvious ambiguity as to whether a name appears on the note in an official or an individual capacity, and the litigation is between the orginal parties to the instrument, parol evidence is admissible to show the facts and circumstances attending its execution: *Myers v. Chesley,* 190 Mo. App. 371, 177 S. W. 326; *Finch v. Heeb,* 000 Mo. 000, 131 S. W. (2d) 146; *Western Grocer Co. v. Lackman,* 75 Kans. 34, 88 Pac. 527; *Germania National Bank v. Mariner,* 129 Wis. 544, 109 N. W. 574: *Alexander v. Wright,* 135 Okla. 96, 274 Pac. 480; *Austin, Nichols & Co. v. Gross,* 98 Conn. 782, 120 Atl. 596; 1 Joyce, Defenses to Commercial Paper (2d ed.) 43, section 27, and cases there cited. The evidence submitted to the jury proved, and the jury by its verdict must have found, that these four signatures were endorsed upon the notes merely as representing the personnel which constituted the Board of Trustees of the Church. Neither when the loans were first made nor at any subsequent time preceding the execution of the notes upon which these suits are brought, did plaintiff request any individual endorsements other than those of three persons, Ewalt, Clark and Shields, who admit that they agreed personally to obligate themselves. This explains why Ewalt and Clark, in adding their names as endorsers to those of the four trustees, left a space of from one-half inch to

an inch below the other signatures so as to distinguish their signing as individuals from the signing by the others as trustees. Ewalt and Clark were not trustees but Shields was, and it was obviously for that reason that, on the third note, he signed in both capacities and therefore in both groups. In many of the notes in the renewal series the names of the trustees were indicated as such in other ways, as, for example, by side brackets and the lateral notation "Board of Trustees," or by some other marking of segregation. The evidence showed that, with an exception hereinafter noted, if an endorser ceased being a member of the Board he stopped endorsing the renewal notes, and as new members of the Board were chosen they became endorsers in the same manner as their predecessors in office, so that the signatories in the first group of endorsers always comprised the membership of the Board at the time of execution of the respective notes.

It is argued that there was no necessity for the individual members of the Board of Trustees to endorse the notes. This, however, is open to question, because the authority to borrow the money and to execute the notes was given by the congregation to the Board of Trustees, and, while the execution and endorsement by the Board through its chairman and secretary may have been sufficient, it would seem natural and reasonable that the members of the Board should have considered it proper, or even necessary, for their individual signatures to be appended.

When we come to a consideration of the fourth note a somewhat different situation presents itself. Instead of the endorsements on this note being in two groups as in the case of the others,—those of the Board members and those of the individual endorsers,—the names of Shields, Kommer, Ewalt, Clark, Bybee and Philips appear under the words "Mt. Lebanon Baptist Church, Board of Trustees" as apparently constituting the membership of the Board. Defendant Philips at that time still remained as such a member, but the term of de-

fendant Kommer as trustee had expired some three months before this note was executed, and, therefore, although his signature so placed indicated that he signed in a representative capacity, he was not among those authorized by the resolution of the congregation to act on its behalf. Since section 20 of the statute exempts those who sign in a representative capacity only *if duly authorized,* he has failed to bring himself under its protection and must be held liable accordingly: *Farmers' Bank & Trust Co. v. Farmers' Supply Co.,* 244 Ky. 420, 51 S. W. (2d) 246; *New Georgia National Bank v. J. & G. Lippmann,* 249 N. Y. 307, 164 N. E. 108.

The judgment in favor of defendant E. N. Philips is affirmed. The judgment in favor of defendant J. A. Kommer is reversed, and the record is remitted to the court below with direction to enter judgment in favor of plaintiff against defendant J. A. Kommer in the sum of $550 with interest to the date of judgment.