**In the Matter of Harold LASKIN, Bankrupt.**

**No. 26345.**

United States District Court
E. D. Pennsylvania.

April 17, 1962.

Charles C. Hileman, 3rd, Philadelphia, Pa., for Industrial Rayon Corp.

Herman N. Silver, Philadelphia, Pa., for bankrupt.

GRIM, Senior District Judge.

The problem here presented is the construction of a promissory note:

$15,426.50     March 31     1959
Sixty Days after date_____promise to pay to the order of INDUSTRIAL RAYON CORPORATION Fifteen Thousand Four Hundred Twenty-Six and 50/100____Dollars Payable at Cleveland, Ohio with interest at 6% per annum   Value received

LASKIN BROS. OF PHILA. INC.
          Harold Laskin
K–71730   Due May 30, 1959

Harold Laskin being bankrupt, the question here is whether this note constitutes the holder, Industrial Rayon Corporation, a creditor of the bankrupt. The referee held that the bankrupt was not liable on the note and that the holder was not his creditor. The holder has petitioned for review of the referee's action.

The question is governed by Section 3–403 of the Uniform Commercial Code, 12–A P.S. § 3–403: [1]

"(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.

"(2) An authorized representative who signs his own name to an instrument is also personally obligated unless the instrument names the person represented and shows that the signature is made in a representative capacity. The name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."

It is helpful as well as proper (12–A P.S. § 1–102(3) (f)) to refer to the Uniform Code Comment on Section 3–403 prior to the 1959 amendments.

" * * * The rule here stated is that the representative is liable personally unless the instrument itself clearly shows that he has signed only on behalf of another named on the paper. If he does not sign in such a way as to make that clear the responsibility is his * * *"

■ Clearly and obviously, the signature "Harold Laskin" on the Industrial Rayon note, without one word to indicate that it was affixed to the note in a representative capacity, makes him individually liable on the note.

Section 20 of the Negotiable Instruments Law, 56 P.S. § 25, in effect prior to the Code, provided:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized * * *."

Pennsylvania was one of the jurisdictions which admitted parol evidence to show that the instrument was signed in a representative capacity although this fact did not appear on the instrument. See Dormont Savings & Trust Co. v. Kommer, 338 Pa. 548, 13 A.2d 525 (1940).

The 1959 amendment to § 3–403 of the Uniform Commercial Code provides:

"(2) An authorized representative who signs his own name to an instrument * * *

"(b) *except as otherwise established between the immediate parties*, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity." [emphasis added]

The Pennsylvania Annotation to the Code's 1959 amendment states:

"Sec. 3–403. Signature by Authorized Representative.

"Subsection (2). This subsection of the 1953 Code has been divided into two subsections. The revised subsection (2) changes the rule of the 1953 Code that a signing agent was personally liable unless the instrument both named the principal and disclosed the agency relationship. Under the revised Code it is open to the agent who has complied with one of the two requirements to show the other by evidence aliunde the instrument, as between the immediate parties. Insofar as the 1953 Code appeared to change the rule in Pennsylvania, the revised subsection is a reversion to the pre-Code rule. Dormont Savings & Trust Co. v. Kommer, 338 Pa. 548, 13 A.2d 525 (1940); Wanner v. Emmanuel's Church, 174 Pa. 466, 34 A. 188 (1896); Birmingham Iron Foundry v. Regnery, 33 Pa.Super. 54 (1907); American Trust Co. v. Canevin, 184 F. 657 (3d Cir. 1911)."

1. The note was executed in Philadelphia, and it is not disputed that the Uniform Commercial Code, enacted by Pennsylvania, applies. The 1959 amendments to the Code, Act of October 2, 1959, P.L.

1023, Sec. 11, 12A P.S. pkt. pt. § 10–101, were made effective January 1, 1960. Consequently, they do not apply to the note here in question, which was dated March 31, 1959.

■ Since the note is dated prior to the 1959 amendment and evidence outside of the note is not admissible to show that Laskin was not liable personally on the note, and since the acts and orders of the Referee were based on the premise that such evidence was admissible, those orders will all be vacated and the record returned to the Referee for proceedings consistent with this opinion.

In the light of this conclusion, it is not necessary to consider the creditor's contention that the Referee erroneously permitted inquiry into the status of the creditor at a hearing on the bankrupt's application for discharge.

## ORDER

AND NOW, April 17, 1962, the orders of the Referee sustaining objections to Industrial Rayon Corporation's claim, permitting the bankrupt to file an amended Schedule A–3 deleting Industrial Rayon Corporation as a creditor, dismissing the specifications of objection to the bankrupt's discharge, and granting the bankrupt his discharge, are vacated, and the record in this matter will be returned to the Referee for proceedings not inconsistent with the foregoing opinion.