No. 3133

Second Circuit

––––

PATTERSON v. BAPTIST CHURCH

––––

(February 3, 1928. Opinion and Decree.)
(March 14, 1928. Rehearing Refused.)

––––

(*Syllabus by the Court*)

1. **Louisiana Digest—Religion and Religious Corporations—Par. 5, 8.**

Pursuant to a resolution of an alleged board of trustees of an unincorporated religious society without by-laws, promissory notes were executed by one of their number in the name of the society in favor of another member of the alleged board in payment of an alleged loan of money by him to the society, and to secure their payment the society's house of worship was mortgaged:

Held, that, in the absence of evidence showing the board was duly elected and duly authorized to acknowledge the debt and execute the instruments, or that the members of the society had subsequently duly ratified their acts, the notes and mortgage were void.

  A. M. E. Church vs. Duro, 19 Ann. 702.
  Tabernacle Baptist Church vs. Green, 124 La. 171, 50 So. 1.
  Soller vs. Mouton, 3 Ann. 541.
  A. M. E. Church vs. New Orleans, 15 Ann. 441.

2. **Louisiana Digest—Religion and Religious Corporations—Par. 1, 8.**

In unincorporated religious society without by-laws can legally act only by resolutions of a majority of its members.

  A. M. E. Church vs. Duro, 19 Ann. 702.
  Tabernacle Baptist Church vs Green, 124 La. 171, 50 So. 1.
  Soller vs. Mouton, 3 Ann. 541.
  A. M. E. Church vs. New Orleans, 15 Ann. 441.

3. **Louisiana Digest—Religion and Religious Organizations—Par. 5, 8.**

Authority to hypothecate must be express and special.

  Levasseur vs. Martin, 11 Ann. 684.

4. **Louisiana Digest—Prescription—Par. 96.**

An action to recover money loaned is barred by the prescription of three years.

  C. C. 3358.
  Sevin & Gourdain vs. Caillouet, 30 Ann. 528.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. R. C. Culpepper, Judge.

Action by Wash Patterson against Mount Zion Baptist Church.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

K. Hundley, Isaac Wahler, of Alexandria, attorneys for plaintiff, appellant.

B. T. Dawkins, W. C. Roberts, of Alexandria, attorneys for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, Wash Patterson, seeks a personal judgment against Mount Zion Baptist Church, an unincorporated religious society, on six promissory notes aggregating, exclusive of interest, $316.50, drawn payable to maker's order and by the maker endorsed in blank, and for recognition of a conventional mortgage on the society's house of worship given to secure payment of the notes.

The notes are signed and endorsed "Board of Trustees, Mount Zion Baptist Church, by E. M. Harris, Secretary-Treasurer," and the mortgage also is signed "Mount Zion Baptist Church, by E. M. Harris, Secretary-Treasurer".

The notes are alleged to represent money loaned by plaintiff to defendant for the purpose of building and by defendant actually used in building the house of worship.

The notes and mortgage are alleged to have been executed and delivered by virtue of authority reading as follows, to-wit:

"MOUNT ZION BAPTIST CHURCH, ALEXANDRIA, LOUISIANA.

"At a regular meeting of the Board of Trustees, who have been duly elected and qualified, held at its domicile in the city of Alexandria, Louisiana, on the 12th day of November, 1921, the following members of the board were present:

"Wash Patterson, President; Mike Johnson, Vice-President; E. M. Harris, Secretary-Treasurer; Frank Allen, Robert Brown, and Joe Nash, represented by E. M. Harris.

"The fact of a cash advance made Mount Zion Baptist Church by Wash Patterson more than two and a half years ago was discussed, and the following resolution was offered by Frank Allen, to-wit:

"That this board recognizes the loan made by Wash Patterson to Mount Zion Baptist Church, and that E. M. Harris be and is hereby instructed to execute a mortgage on the church property in favor of Wash Patterson in the sum of three hundred sixteen and 50/100 ($316.50) dollars divided in six notes of fifty-two and 75/100 ($52.75) each, payable every six months from date and bearing eight percent interest from this date until paid, reimbursing him for the advance together with accrued interest.

"This motion was duly seconded by Robert Brown, and after being put to a vote was carried unanimously, and E. M. Harris was instructed to execute a mortgage as above.

"There being no further business, the board adjourned subject to call from the president.

"(Signed) E. M. HARRIS,
"Secretary-Treasurer.
"Approved:
"(Signed) WASH PATTERSON."

In the alternative, plaintiff alleged that the debt sued for represents money loaned by him to defendant to build and was used in building its house of worship and that it having enured to defendant's benefit defendant is estopped to question the validity of the notes and mortgage, and, that if these be invalid for want of authority in the persons acting as the board of trustees, plaintiff is entitled to a money judgment against defendant for the $316.50 with 8% per annum interest thereon from November 21, 1921.

Defendant excepted that the petition did not state a cause of action. The exception was overruled, and defendant, after reserving its rights under the exception, answered denying that it was indebted to plaintiff in any sum and alleged that the persons assuming to act as a board of trustees and who authorized the execution of the notes and mortgage had never been electd as such or authorized to execute the instruments and that the notes and mortgage were void. It denied that it was estopped to dispute the existence of the debt or the validty of the notes and mortgage, and pleaded the prescription of three years to the alleged debt.

On these issues the case was tried and there was judgment rejecting plaintiff's demand and sustaining defendant's plea of prescription and dismissing plaintiff's suit. Plaintiff appealed.

OPINION.

Defendant is an unincorporated religious society without by-laws.

There is no evidence in the record that the persons assuming to act as its board of trustees had ever been elected as such by the members of the society or that the congregation had ever authorized them to acknowledge the debt and execute the notes and mortgage or had ratified their acts in doing so; and in the absence of such evidence their acts were unauthorized and the notes and mortgage void.

An unincorporated society can only legally act through a majority of its members.

But plaintiff insists that inasmuch as the debt sued for enured to the benefit of defendant it is estopped to question the validity of the notes and mortgage. But defendant cannot be estopped to repudiate the unauthorized acts of persons assuming to act for it, except by the acts of a majority of its members.

In the alternative, plaintiff asks that if the notes and mortgage be held void he be given a personal judgment against defendant for the amount of the debt.

To this alternative demand defendant interposed the prescription of three years, which plea, in our opinion, is good.

We find no error in the judgment appealed from and accordingly it is affirmed.