## HALE v. CENTRAL BANK.

Opinion delivered November 30, 1931.

*Harb & Barnard,* for appellants.

*Raymond Jones,* for Central Bank, and *Arthur G. Frankel,* for J. C. Green, appellees.

HUMPHREYS, J. The main and controlling question presented by this appeal is whether notes signed by duly elected trustees and a mortgage executed by them to secure the notes upon real estate owned by the Arch Street Baptist Church, unincorporated, to raise money to construct a church building thereon are valid.

Appellants brought this suit to cancel the notes and mortgage upon the ground that they were void *ab initio* because executed and delivered to a contractor to raise money to complete the church building without specific authority from the congregation to do so.

Appellees, who acquired the notes before maturity from the contractor to collaterally secure notes which he owed each of them, defended the action upon the ground that the trustees had authority to execute them.

Upon a trial of the cause the court ruled that the instruments were valid and duly assigned to appellees as collateral security, and that they should not be canceled or returned to appellants until the amounts due by the

contractor to the respective appellees were paid, from which is this appeal.

The facts material to a determination of the questions involved on this appeal are as follows: The Arch Street Baptist Church, unincorporated, authorized its duly elected trustees to enter into a contract with Cullins to erect a church building upon their lot for the sum of $25,000, and to do additional work for $1,755, totaling $26,755. After the payment of a large part, or perhaps all of the contract price, the building was not completed, and the trustees, in order to enable the contractor to raise money to complete same, executed a series of negotiable notes to him in the total sum of $6,177.24, and secured same by the execution of a mortgage upon the property without further authority from or knowledge of the congregation. Instead of obtaining additional money upon the notes and mortgages to complete the building, the contractor assigned notes numbers 2, 3, 4 and 5 to J. C. Green as collateral security for the balance of purchase money the contractor owed Green for lots he purchased from Green, in order to obtain a release of the vendor's lien; and assigned notes numbers 6, 7, 8, 9, 10 and 11 to the Central Bank as collateral security to secure the payment of a note for $2,245 he owed it. All these notes were assigned before maturity to the respective appellees to secure the payment of *bona fide* indebtedness which Cullins owed them. The record is cloudy as to whether the money advanced by the Central Bank evidenced by the $2,245 note had been used by Cullins in the construction of the church building. At any rate, no work was done by Cullins on the church building after he procured the notes and mortgage from the trustees. The trustees who executed the notes and mortgage were elected as successors to the trustees who made the contract by authority of the congregation to construct the church building.

The general rule of law is that duly elected trustees of churches operating under congregational government hold the naked legal title to the property and have no authority to mortgage same unless authority to do so is

conferred upon them by resolution voted by a majority in number of the congregation in a meeting called for that purpose. *Calvary Baptist Church* v. *Dart,* 68 S. C. 221, 17 S. E. 66; *Pallilla* v. *Gallilee Baptist Church,* 215 Ala. 667, 112 So. 134; *Gallilee Baptist Church* v. *Pallilla,* 219 Ala. 683, 123 So. 210; *Patterson* v. *Baptist Church,* 8 La. App. 109; *Kennesaw Free Baptist Church* v. *Labmire,* 105 Neb. 755, 174 S. W. 296, 8 A. L. R. 98; *Hyde Park Supply Co.* v. *Peck-Williams Heating & Ventilating Co.,* 176 Ky. 656, 197 S. W. 391. The general rule announced in these cases has no application in this State to contracts entered into or notes and mortgages executed by trustees of congregationally governed churches to erect buildings. In Arkansas the status of trustees of congregationally governed churches is fixed and made secure by § 8637 of Crawford & Moses' Digest; and authority is conferred upon them to improve the property by § 8638 of Crawford & Moses' Digest, which is as follows:

"The trustee or trustees for the time being, of any religious society aforesaid shall have the same power to defend and prosecute suits at law or in equity, and to do all other acts for the protection, improvement and preservation of said property as individuals may do in relation to their individual property."

The erection of a church building constituted an improvement of the property in the instant case, and authority to raise the money on negotiable notes secured by mortgage was conferred upon the trustees by the statute when it conferred upon them authority to improve the property "as individuals may do in relation to their individual property." It cannot be gainsaid that an individual has a right to mortgage his individual property to obtain money with which to improve same. But for this statute the trustees could not have pledged the property to raise money with which to construct a church building without action by the congregation. The statute conferred such authority upon them.

The decree is therefore affirmed.

Hart, C. J., and Mehaffy, J., concur; Mr. Justice Kirby, dissents.