Mario Pittoni, J.
Plaintiff corporation sues defendant, Rita M. Smith, on a judgment for $7,477.44 obtained against her in Pennsylvania.
The Pennsylvania judgment is based on a promissory note signed as follows:
“ E. & R. Distributing, Inc.
Rita M. Smith
17 Continental Ave.
Glen Cove, Long Island, N. Y.”
and which included, in small print:
“We hereby authorize and empower any attorney of any court of record in Pennsylvania or elsewhere to appear for us or *1080 any of us and to enter judgment against us or any of us for the principal sum ”.
It is undisputed that defendant was never personally served in the Pennsylvania action and that jurisdiction there was based solely upon the appearance of an attorney pursuant to the above authorization and chosen by plaintiff.
Plaintiff contends that this was sufficient to constitute her appearance as a basis for the Pennsylvania judgment and that this judgment is entitled to full faith and credit and enforcement in New York under the Federal Constitution.
Defendant, on the other hand, says that she is a New York resident who was never served with process in the Pennsylvania action, that there was no authorization in the note to have an attorney appear for her individually, that such an appearance by an attorney in the Pennsylvania action was false and fraudulent, that Pennsylvania at no time had jurisdiction over her and that, therefore, the Pennsylvania judgment is invalid.
Generally, the judgment of another State is entitled to the presumption of jurisdiction and to full faith and credit in this State. However, the recital in the foreign judgment that defendant was served or appeared by attorney is not conclusive. Lack of these elements and of jurisdiction may be shown by extrinsic evidence (Scanlon v. Kuehn, 225 App. Div. 256, 258-259), and the foreign judgment may be attacked collaterally for want of jurisdiction (Smith v. Central Trust Co., 154 N. Y. 333, 338). However, the burden of proof to show lack of jurisdiction is upon defendant who must allege and prove it (Rice v. Coutant, 38 App. Div. 543). Defendant does attack Pennsylvania’s jurisdiction by her affirmative defense and her affirmative proof in this case.
The face of the note clearly establishes that defendant did not sign as an indorser. In fact, she was not asked to sign in that capacity. Her signature was attached as maker, individually or as an officer of E. & It. The question is whether she signed for the corporation, E. & R, as an officer only or also for herself. So the main issue, therefore, is whether the signature on the note authorized an attorney to appear in the Pennsylvania action for defendant individually or on behalf of E. & R. alone.
Assuming that the character of the obligation of the note is determined by the law of Pennsylvania, where the note was executed, under the Pennsylvania Uniform Commercial Code *1081 (tit. 12A, § 3-403, subd. 2, par. [b])* in an action between the original or immediate parties, parol or extrinsic evidence is admissible to prove that the signature on the note was in defendant’s representative capacity (Walton v. Corby, Inc., 12 Chest. Co. Rep. 43 [1964]; see Dormont Sav. & Trust Co. v. Kommer, 338 Pa. 548, 553; Wanner v. Emmanuel's Church, 174 Pa. 466). Therefore, parol evidence was admissible and was properly allowed at the trial to establish the capacity in which defendant signed the note.
I find that at the time the note was executed plaintiff corporation needed cash and E. & R. needed credit from plaintiff. To solve their mutual problems, Alfred Rosenthal, vice-president and general manager of plaintiff, agreed with defendant Rita M. Smith, secretary-treasurer of E. & R., that upon E. & R. executing the note for a sum equal to that owned by E. & R. to plaintiff, E. & R. would get credit from plaintiff, and plaintiff could then discount the note at a bank, thus getting needed cash. Rosenthal then prepared the note and inserted the date, amount and method of payment in the blank spaces of the note form. Defendant, Rita Smith, then, in Rosenthal’s presence, executed the note on behalf of E. & R., as shown above. She delivered the note to Rosenthal, who then promptly had the note discounted by the Broad Street Trust Co. In doing so he indorsed the back:
‘ ‘ Chips Distributing Corp.
Alfred Rosenthal ”.
Clearly, at the time the note was executed, the parties intended and understood that defendant executed the note as secretary-treasurer of E. & R. and not personally or individually.
Additional indications of the note being solely an E. & R. obligation were Rosenthal’s own method of indorsing the note over to the bank (he too signed as officer and agent of plaintiff corporation without indicating his representative on the note) and the bank’s issuance of its loan payment book solely to E. & R., not to defendant. This again shows that plaintiff *1082 treated and turned over the note to the bank solely as an E. & R. obligation, not defendant’s. Then, too, the address on the note, on the loan payment book, on the nonmilitary affidavit sworn to by plaintiff’s officer, Rosenthal, and on the notice of appearance filed by the attorney in the Pennsylvania action was “ 17 Continental Place, Q-len Cove, L. I.”, E. & R.’s address, not defendant’s.
In summary, E. & R. Distributing, Inc., and not defendant, was the maker of the note. Thus, any authorization for an appearance by an attorney in a Pennsylvania action and for a confession of judgment in the note was on behalf of E. & R. Dis - tributing, Inc., and not defendant individually. It follows that the Pennsylvania judgment obtained against defendant individually is void and is not entitled to recognition or enforcement in New York under any full faith and credit provisions of Federal or State 'Constitutions. The complaint is dismissed.

 (2) “An authorized representative who signs his own name to an instrument * * *
“ (b) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity ”. (Emphasis supplied.) (This is similar to the New York Uniform Commercial Code, § 3-403, eff. Sept., 1964.)