Evariste G. Lavigne, J.
This is a motion by plaintiff for summary judgment. The plaintiff sets forth in his complaint that between August, 1961 and September, 1962 it sold certain merchandise to the defendant valued at $857.49, and upon which there is a balance due plaintiff from the defendant of $405. Defendant in opposing said motion does not deny the existence of the account between the parties, but relies solely on the question of proper identification and naming of the defendant. Defendant claims that George McGuckin, the defendant named herein, is not the proper defendant, and that Ever Seal Aluminum Window Company of Troy, Inc., is the true party defendant.
*1072 In his answering affidavit, defendant MeGuckin sets forth that Ever Seal Aluminum Window Company of Troy, Inc., was incorporated in June, 1959; that all purchases made of plaintiff were paid for by checks of that corporation; that plaintiff, because of such facts, should have been apprised of the existence of such corporation.
As part of the exhibits supporting the moving' papers herein, plaintiff has produced several invoices indicating sales to Ever Seal Window • Co., between August, 1961 and June of 1963. Plaintiff has also attached to his moving papers a copy of a letter dated June 26, 1961, with the heading Ever Seal Window Co., George MeGuckin, Proprietor. This letter was addressed to plaintiff. Plaintiff has further produced a'letter from Levin, Levin & Stock, Attorneys at Law, of Philadelphia, Pennsylvania, dated January 30, 1964 addressed to Ever Seal Window Co., which letter was answered by a writing in longhand on the same letter and signed by the defendant. This would indicate to the court clearly that on more than one occasion, while the parties were doing business, the defendant represented himself as doing business as Ever Seal Window Co.
It is difficult to believe that the corporation herein referred to is the true party defendant when, over the years, the defendant identified himself as proprietor of Ever Seal Window Co., conducting such business, individually. In addition the court is mindful of the fact that the defendant, George MeGuckin, is also president of the Ever Seal Aluminum Window Company of Troy, Inc. This is true in practically all of the transactions between the parties.
There can be no question that the goods in question were delivered to defendant individually and doing business as Ever Seal Window Co., and I am of the opinion that the position taken by defendant now, by way of shifting liability for these transactions over to a corporation headed by defendant, is untenable. Prom a reading of the pleadings and moving papers herein, there is no question in the court’s mind as to the true purpose of defendant in attempting to transfer liability herein. I do not believe that the receipt by plaintiff of checks of the Ever Seal Aluminum Window Company of Troy, Inc., is of sufficient legal ground to relieve defendant MeGuckin from personal responsibility.
Motion of plaintiff is granted. The answer of the defendant is stricken, and judgment awarded plaintiff in the sum of $405, together with costs.