### FIRST NATIONAL BANK IN GARLAND, Appellant,

### v.

### Sam MURPHY, Appellee.

### No. 17307.

Court of Civil Appeals of Texas.

Dallas.

May 23, 1969.

W. R. Allen, Jr., of Allen, Russell & Hampton, Garland, for appellant.

Bradford D. Corrigan, Jr., of Howell, Johnson, Mizell, Taylor, Price & Corrigan, Dallas, for appellee.

BATEMAN, Justice.

The appellant First National Bank in Garland, Texas, sued the appellee Sam Murphy on a promissory note dated November 9, 1966, which was signed:

  The Sam Murphy Company
  By:  Sam Murphy
        Owner

The Sam Murphy Company was a corporation, and the sole question in the case is whether appellee Sam Murphy is individually liable or whether the note evidences the debt only of the corporation. In re-

sponse to one special issue inquiring as to whether the note was signed by Sam Murphy in his individual capacity or as president of The Sam Murphy Company, a corporation, the jury found that he signed it as president of the corporation. Judgment was rendered accordingly that the bank take nothing, and the bank appeals.

■ Its first three points of error on appeal complain of the overruling of its motion for summary judgment. Both parties filed motions for summary judgment; they were both overruled, and the case was thereafter tried on its merits. Under these circumstances, the order complained of was interlocutory and not reviewable on appeal. Ackermann v. Vordenbaum, 403 S.W.2d 362 (Tex.1966); Triplett v. Shield, 406 S.W.2d 941 (Tex.Civ.App., Eastland 1966, writ ref'd n. r. e.); West Texas Equipment Co. v. Walker, 417 S.W.2d 864 (Tex.Civ.App., Amarillo 1967, writ ref'd n. r. e.); Great Central Ins. Co. v. Cook, 422 S.W.2d 801 (Tex.Civ.App., Dallas 1967, no writ); Texas City Hotel Corporation v. Wilkenfeld, 410 S.W.2d 860 (Tex. Civ.App., Waco 1966, no writ). Appellant's first three points of error are therefore overruled.

Appellant's points of error 4 to 9, inclusive, are briefed together, and will be so considered by us, because they assert in varying phraseology, and with respect to several rulings of the court, appellant's theory of this case, which is that the addition of the word "Owner" following appellee's signature clearly indicated that both parties intended for Murphy to be personally bound, that he was so bound as a matter of law, and that under the parol evidence rule he should not have been permitted to plead and prove that he signed the note in a representative capacity for the corporation. The appellee Sam Murphy was authorized as president of The Sam Murphy Company to borrow from the appellant bank, and to make "any renewal or subsequent increases as necessary." Prior to the incorporation of The Sam Murphy Company Murphy had done business under the trade name of "The Murphy Company," and had borrowed money from appellant at various times and had given numerous renewal notes covering such borrowings. Each of these notes was signed:

> The Murphy Company
> By: Sam H. Murphy
> Owner

Prior to and subsequent to the incorporation of The Sam Murphy Company, appellee also borrowed money from appellant and signed notes only with his proper name.

Two notes were given the bank by the corporation in 1962, one being in renewal of the other, and both were signed:

> The Sam Murphy Company
> By: Sam H. Murphy
> President

Both of these notes were endorsed by Murphy on the reverse side.

Murphy pled under oath that he had signed the note sued on in his capacity as president of The Sam Murphy Company, a corporation, and not in his individual capacity, and that both parties understood that the corporation, and not Murphy, was the maker; that the proceeds of the loan, for which the note was given, were paid to and used by the corporation. He was permitted to testify to these things, over appellant's objection that such testimony violated the parol evidence rule.

Appellant's president, R. M. Davis, testified that he knew of the incorporation of The Sam Murphy Company, and did not know of Murphy having done business as an individual under that name; that the notes signed in the name of The Sam Murphy Company were prepared by his secretary at his direction, and that at the time he told her to type the name, The Sam Murphy Company, on the notes he knew that that was the name of the corporation and that Sam Murphy individually was not doing business in that name; that he knew the proceeds of this particular loan were

being deposited in the bank account of the corporation; that in having the note in question prepared with the name of the corporation typed in above, and the word "Owner" typed in below Murphy's signature, it was his intention that the addition of the word "Owner" would "bind Mr. Murphy personally * * *." He said that if he had not intended for Murphy to be bound personally on the note by that manner there would "have been a designation as officer of the corporation." It was shown that an involuntary bankruptcy petition had been filed against The Sam Murphy Company.

■ We do not agree with appellant's argument that the use of the word "Owner" below Murphy's signature made him individually liable as a matter of law. We know of no statute or court decision to that effect. In our opinion, the use of that word created an ambiguity on the face of the note, and since this was a suit between the immediate parties to the transaction we think the trial court properly permitted both sides to adduce evidence as to their actual intentions and that it was proper to submit the question to the jury.

■ Murphy's evidence did not seek to vary, enlarge or contradict the terms of the note sued on, but merely to "illuminate its meaning" with respect to the manner of its signing. Such testimony, when it seeks to explain ambiguities apparent on the face of the written instrument, is admissible. McCormick and Ray, Texas Law of Evidence, Vol. 2, Sections 1681 and 1685, pages 516 and 527.

In Weeks v. San Angelo Nat. Bank, 65 S.W.2d 348 (Tex.Civ.App., Austin 1933, writ ref'd), the bank had sued Weeks upon a promissory note signed:

> Weeks Drug Store No. 4
> By:   Jno. A. Weeks

and it was held that parol evidence was admissible to show that only Weeks Drug Store No. 4, and not John A. Weeks individually, was intended to be liable on the note.

A similar holding was made in First State Bank of Denton v. Smoot-Curtis Co., 121 S.W.2d 667 (Tex.Civ.App., Fort Worth 1938, writ dism'd Agr.), where the suit was on a renewal note signed:

> Smoot-Curtis Co.
> Homer S. Curtis.

Homer S. Curtis was the president of Smoot-Curtis Co., a corporation, and it was held that the manner of signing created an ambiguity, and that parol evidence was admissible to explain the same. See also Chips Distributing Corp. v. Smith, 48 Misc. 2d 1079, 266 N.Y.S.2d 488 (1966), and Pittsburgh Nat. Bank v. Kemilworth Restaurant Co., 202 Pa.Super. 238, 195 A.2d 919 (1963).

■ The placing of the name of the corporation above Murphy's signature and the use of the word "By" just before his signature definitely indicate that Murphy was signing as a representative of the corporation, which he was authorized to do. It is the use of the word "Owner" following the signature that creates the ambiguity. It has long been the law in Texas that the immediate parties to a transaction have the right to show by parol evidence what was actually intended by an ambiguous provision or phrase in their contract, and we see nothing in the statutes or decisions to change that rule.

All of appellant's points of error on appeal are overruled, and the judgment appealed from is

Affirmed.