**Sandra Schultz NEWMAN, Receiver of the Foerderer Tract Committee, Inc., Plaintiff,**

v.

**FORWARD LANDS, INC., et al., Defendants.**

**Civ. A. No. 76–1157.**

United States District Court, E. D. Pennsylvania.

March 30, 1977.

Marvin L. Wilenzik, Norristown, Pa., for plaintiff.

Sidney L. Wickenhaver, Philadelphia, Pa., for defendants.

## OPINION

DITTER, District Judge.

This is a suit between two non-profit corporations organized to purchase certain suburban real estate and direct its development so open space and environmental beauty would be preserved.

The basis of this matter is an agreement between the Foerderer Tract Committee, Inc. (Committee), a Pennsylvania non-profit corporation, and Forward Lands, Inc. (Forward), a Delaware non-profit corporation, under the terms of which Forward was to acquire a valuable piece of land in Lower Merion Township, Montgomery County,[1] Pennsylvania, so that commercial and residential uses would be limited and charitable, educational, and recreational uses would be promoted.

For its part, Committee, which was formed to "preserve and protect the Foerderer Tract and the wildlife thereon to the extent possible," agreed, *inter alia*, to solicit contributions in order to assist Forward in meeting the $4.5 million dollar purchase price of the property.

Plaintiff is Committee's court-appointed receiver. The gist of her complaint is that the defendants, Forward and, in their individual capacity, its trustees and executive director, tortiously and in breach of their contractual obligations allowed funds and real estate to be turned over to Edwin K. Daly, Jr., Esquire, Committee's own executive director, who diverted them to his personal use and benefit. The relief sought includes damages, an accounting, and the imposition of a charitable trust in plaintiff's favor of all moneys collected and turned over to Forward.

Plaintiff originally instituted suit in the Court of Common Pleas of Montgomery County. The defendants removed to this court on the basis of diversity of citizenship, but plaintiff sought remand on the ground that two of Forward's directors were residents of Pennsylvania. In an earlier decision[2] I denied her motion on the grounds that the joinder of the two Pennsylvanians must be "deemed fraudulent," since the complaint clearly failed to state a claim against them. Plaintiff then filed an amended complaint in which she added certain factual allegations to the tort and contract counts of her original complaint and also added a count in equity. All of the defendants now have moved to dismiss the complaint pursuant to F.R.Civ.Proc. 12(b)(6) for failure to state a claim upon which relief can be granted.

With respect to the claims against the individual defendants (i. e. the trustees and executive director), the motion to dismiss must be granted for the same reasons

---

1. Montgomery County has a population of more than 600,000 people. It lies to the north and west of the City of Philadelphia. Lower Merion Township is included within an area often referred to as Philadelphia's Main Line.

2. *Newman v. Forward Lands, Inc.*, 418 F.Supp. 134 (E.D.Pa.1976).

as stated in my earlier opinion, i..e., there is no basis for holding these individuals personally liable to the plaintiff. See 418 F.Supp. at 136–37. Mrs. Newman advances three reasons why the complaint against the individual defendants should not be dismissed, all of which are without merit. First, while conceding that there is no Pennsylvania authority to support her position, plaintiff relies on *Stern v. Lucy Webb Hayes National Training School*, 381 F.Supp. 1003 (D.D.C.1974), in contending that the officers and directors of a nonprofit corporation may be liable to a third-party for failing to perform their duties to the corporation adequately. The simple answer to this argument is that plaintiff reads *Stern* much too broadly. There the court allowed patients of a non-profit hospital to maintain an action against the hospital's board of trustees to redress their alleged fiscal mismanagement. The crucial distinction between *Stern* and the case *sub judice* is that in *Stern* the only relief which the court allowed the plaintiffs was that which benefited the hospital itself, even though, presumably, such relief had an incidental benefit to the patients. Thus, the *Stern* court, in effect, allowed the patients to maintain an action in which the relief sought closely resembled that which would be obtained in a stockholders derivative suit.[3] Here, by contrast, plaintiff is requesting damages and various other forms of relief for the benefit of Committee, not Forward.

▌ Plaintiff's next argument—that the court should "pierce the corporate veil" and allow her to sue the individual defendants—must also be rejected since the plaintiff fails to allege any misuse of the corporate form, that the individual defendants used Forward as their alter ego, or anything else that would justify disregarding the corporate entity. See e. g. *Chengelis v. Cenco Instruments Corp.*, 386 F.Supp. 862 (W.D.Pa.), aff'd, 523 F.2d 1050 (3d Cir. 1975). Finally plaintiff argues that the in-

dividual defendants may not be dismissed because paragraphs 54 and 58 of the amended complaint allege that they acted fraudulently. It is readily apparent, however, that the insertion into the amended complaint of the word "fraud" was designed solely to avoid the import of my prior decision in this case. There are no allegations that these defendants engaged in any intentional misconduct. As the plaintiff implicitly admits, see Brief for Plaintiff at 8, the thrust of her claim against the trustees and executive director of Forward is that they failed to perform their duties and exhibited an indifferent attitude in the management of that corporation. Such conduct may amount to negligence or perhaps even recklessness, but it hardly can be characterized as fraudulent. There is thus no basis for distinguishing this case from the general rule contained in *Restatement (Second) of Agency § 352*. See 418 F.Supp. at 137.

Having concluded that the individual defendants must be dismissed from this action, I turn next to the claims against Forward itself. In support of its motion to dismiss, defendant first argues that plaintiff is attempting to thrust onto Forward's shoulders liability for the transgressions of plaintiff's own executive director and agent, Edwin K. Daly. As noted previously, it was Daly's diversion of funds and alienation of land in contravention of the contract restrictions that gave rise to this suit. Since there are no allegations that Forward was a co-conspirator with Daly in any respect, defendant contends that at most it is charged with having misplaced its trust in Daly. The problem is that while this line of argument tends to establish that plaintiff might also have a cause of action against Daly, it does not show conclusively that the complaint fails to state a claim against Forward. The contract count, Count I, alleges that Forward breached its contract with Committee by, *inter alia*, causing funds to be turned over to Daly (¶'s

---

**3.** Indeed, in an earlier opinion, the *Stern* court specifically refused to allow the patients to maintain a Rule 23(b)(3) class action against the trustees to recover personally for damages resulting from the trustees' mismanagement of the hospital. See *Stern v. Lucy Webb Hayes National Training School*, 367 F.Supp. 536, 540–41 (D.D.C.1973).

16, 23),[4] permitting funds and real estate to be used for purposes other than those set forth in the contract (¶ 17), failing to maintain adequate financial controls and to demand accountings from Daly (¶'s 19, 20), and permitting land to be turned over to and sold by Daly individually without first advising the Committee or verifying that it had consented to such activities. (¶ 22). The tort count, Count IV, in essence charges that the acts and omissions just recited were done negligently, recklessly, and with gross indifference to Committee's interest in securing the uses of the Foerderer Tract contemplated by the agreement (¶ 46–50).

■ Forward seems to suggest that it had no reason to doubt Daly's trustworthiness or authority to act for Committee and that it was perfectly justified in permitting funds and land to be placed in his control. See Brief for Defendant at 6 n. 3. But these are matters to be raised in a defense on the merits, not on a motion to dismiss. Without a more complete factual development of the relationship between Forward and Committee, Forward and Daly, and Committee and Daly, it is simply impossible to determine the nature and extent of Forward's contractual or noncontractual duties with respect to Committee and whether Forward breached them. It is also impossible to determine whether Daly's conduct should be imputed to Committee so as to preclude its recovery against Forward even if the latter might otherwise be liable. In short, I cannot say at this stage that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Forward next contends that Committee has no cause of action because it suffered no loss by reason of the acts alleged in the complaint. Forward's position is based upon the fact that the complaint and the contract make it clear that Committee had no right or title in any of the property or funds allegedly diverted. The

interpretation of an unambiguous contract is a matter of law for the court, *Haskins v. Point Towing Co.*, 421 F.2d 532, 536 (3d Cir.), cert. denied, 400 U.S. 834, 91 S.Ct. 68, 27 L.Ed.2d 66 (1970); *Hewes v. McWilliams*, 412 Pa. 270, 275, 194 A.2d 339 (1963), and there is no reason why this issue cannot be decided on a motion to dismiss. See *Jacksonville Newspaper Printing Pressman and Assistants' Union No. 57 v. Florida Pub. Co.*, 340 F.Supp. 993, 995 (M.D.Fla.), aff'd, 468 F.2d 824 (5th Cir. 1972), cert. denied, 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196 (1973). Plaintiff does not and could not contend that the contract is in any way ambiguous with respect to Committee's interest in the funds or real estate. In fact, the complaint clearly alleges that it was *Forward* which was to acquire the real estate known as the Foerderer Tract (¶'s 6 and 7); that the fund raising done by Committee was to be on behalf of and in the name of Forward (¶'s 8 and 10); and, of particular importance here, that no portion of the funds to be solicited or the property to be purchased was to be used for the direct benefit of Committee or any of its members (¶'s 12, 16). Thus, I agree with defendant that plaintiff has suffered no direct financial loss as a result of any conduct alleged to have been committed or omitted by Forward.

Plaintiff contends that even if Committee suffered no direct economic loss, it did suffer real and substantial injury of a more intangible, aesthetic nature as a result of Forward's acts and omissions. According to plaintiff, Committee's reasons for entering into the contract were not to secure pecuniary gain, but to preserve the Foerderer Tract from intense residential or commercial development and to preserve its open space and natural environmental beauty. Mrs. Newman argues that these goals have been frustrated by Forward's actions and that Committee should not be barred from redress for this loss merely because it is of a non-pecuniary nature. The parties have not cited nor has my research revealed any specific Pennsylvania authority on the ques-

4. All references to paragraphs are those of the amended complaint.

tion of whether the type of injury alleged by the plaintiff is sufficient to support an action for breach of contract. I need not and do not resolve that difficult question of Pennsylvania law now, however, because dismissal of the complaint at this juncture is precluded for another reason. While perhaps somewhat ambiguously drawn, the complaint may be read as alleging that the agreement between the parties had the effect of creating a charitable trust of the funds and property acquired by Forward to be used only for the purposes provided in the agreement. Plaintiff contends that since Forward failed to carry out the purposes of the agreement, Committee is entitled to enforce it because it was an intended beneficiary of the trust.

The defendant does not claim that the circumstances alleged in the complaint if proven at trial would be insufficient to give rise to a charitable trust. Rather, Forward argues that even if such a trust were found to exist, plaintiff has no standing to bring this action. It is true that Pennsylvania follows the rule enunciated in *Restatement (Second) of Trusts § 391* that only the Attorney General, a co-trustee, or someone with a special interest may sue to enforce a charitable trust. *In re Miller's Estate*, 380 Pa. 172, 179, 110 A.2d 200, 203 (1955). Nonetheless, here the plaintiff contends that by virtue of Committee's contractual undertakings it does have a special interest similar to that of, say, an abutting landowner of the Foerderer Tract. Cf. *Hoffman v. Pittsburgh*, 365 Pa. 386, 75 A.2d 649 (1950). It is impossible to determine from the record presently before me the exact nature of Committee's alleged interest and whether or not it is sufficiently "special" to permit it to enforce the alleged charitable trust. I will therefore deny the motion to dismiss without prejudice to defendant's right to raise the issue again after the factual background of the case has been more fully developed.