Harry DERNICK, Plaintiff,

v.

**BRALORNE RESOURCES LIMITED, Defendant.**

Civ. A. No. 76–H–2114.

United States District Court,
S. D. Texas,
Houston Division.

Oct. 11, 1979.

---

William L. Bowers, Jr., Dickerson, Hamel, Early & Pennock, Houston, Tex., for plaintiff.

Sim Lake, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

Plaintiff brings this action to recover monies allegedly due him for his efforts in locating a company to be purchased by the defendant. The cause of action being one in contract, or in the alternative quantum meruit, plaintiff alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Defendant has filed a Motion to Dismiss arguing that the complaint failed to state a claim upon which relief can be granted, that suit has been brought against an incorrect party and, in the alternative, that suit was not brought against an indispensable party whose joinder would not be feasible. Pursuant to Rule 12(b), Fed.R. Civ.P., the Court treats defendant's motion as a Motion for Summary Judgment since it was filed after defendant's responsive pleading and since the Court has considered matters outside the pleadings. For the following reasons the Court grants defendant's Motion for Summary Judgment.

The facts, as alleged in plaintiff's complaint and taken as true for the purposes of this Motion, are as follows. In 1975, F. W. Fitzpatrick, acting on behalf of Bralorne Resources Limited (BRL) agreed that BRL would pay the plaintiff three percent (3%) of the purchase price for his services in connection with the purchase by BRL of the business assets of Oilfield Machine and Supply Company (OMSCO). However, Bralorne Resources Limited did not purchase

the assets of OMSCO. OMSCO's assets were purchased by Bralorne International Inc. (BII), a Delaware Corporation wholly owned by Bralorne Resources Limited. BII was not named as a party to this suit. Since BII has its principle place of business in Houston, Texas, also the place of plaintiff's residence, the inclusion of BII as a party-defendant would be fatal to this Court's diversity jurisdiction.

■ Plaintiff alleges that BII, as a wholly owned subsidiary of BRL, is controlled by the parent company in its policy making, decision implementation, financing and day-to-day management. Consequently, plaintiff argues that BRL and BII, although formally established and operated as independent corporations, should be treated as a single entity represented by the defendant in this suit, e. g., BRL. In effect, plaintiff would have the Court to pierce the corporate veil for the purpose of establishing diversity jurisdiction.

Plaintiff, however, has not alleged sufficient facts to warrant this Court's disregarding the corporate fiction of Bralorne International Inc. as a separate entity. It is not enough to allege that the parent company owns all the stock of its subsidiary and even dominates its affairs. In order to justify piercing the corporate veil plaintiff must allege that such domination of affairs was for the purpose of defrauding a third party, avoiding liability or defeating the public convenience. *Coles v. Humble Oil & Refining Company*, 348 F.Supp. 1240 (S.D. Tex.1972). Absent such an allegation, the Court is bound to respect the separate identity of the subsidiary BII which has been lawfully incorporated and has been functioning, at least in a formal sense, as a distinct corporation. *See also, Charles Keeshin, Inc. v. Farmers & Merchants Bank of Rogers*, 199 F.Supp. 478 (W.D.Ark.1961).

Plaintiff cites *National Marine Service, Inc. v. C. J. Thibodeaux & Company*, 501 F.2d 940 (5th Cir. 1974), in support of the proposition that fraud need not be found in order to pierce the corporate veil. That case, however, when viewed in light of its facts, provides no support for plaintiff's position. In *National Marine Service, Inc.*, this court (per J. Seals) found the parent company liable for the contract of its subsidiary only after it was determined that the subsidiary was grossly undercapitalized and unable to pay a judgment awarded in a prior suit. While no fraud was found in that case, certainly an injustice was sought to be prevented in disallowing the parent company to avoid liability through a poorly financed subsidiary. In this case, there has been no allegation that the subsidiary BII is undercapitalized or would otherwise be unable to pay any judgment should it be found liable to the plaintiff.

■ The Court also finds that defendant's Motion for Summary Judgment should be granted on the basis of plaintiff's failure to join an indispensable party pursuant to Rule 19(b), Fed.R.Civ.P. See *Broussard v. Columbia Gulf Transmission Co.*, 398 F.2d 885 (5th Cir. 1968); *Glenny v. American Metal Climax, Inc.*, 494 F.2d 651 (10th Cir. 1974). As plaintiff has not alleged facts to justify a finding that BRL and BII are in fact a single entity, it is clear that BII, as the corporate entity who actually bought the assets of OMSCO, has an interest in this action separate and distinct from that of BRL. BII actually acquired the assets of the company which plaintiff alleges he located and therefore it is BII who received the direct benefits of plaintiff's labor. If plaintiff prevails on his quantum merit cause of action, the responsibility for paying for those benefits would largely fall on BII. Any judgment rendered in the absence of BII would therefore be prejudicial to it.

Since there is no diversity between plaintiff and BII, the Court's finding that BII is an indispensable party necessitates dismissal of this action. This Court also notes that plaintiff has a state court action pending against both BRL and BII. Dismissal of this action against one of the defendants in the state court action will not hamper plaintiff's efforts to establish in the state court any compensation that is due him. In light of these findings it is hereby

ORDERED, ADJUDGED, and DE-CREED that defendant's Motion for Summary Judgment is GRANTED.