UNITED STATES of America, Plaintiff,

v.

A AND C INVESTMENTS, INC., Michael Coughlin, Kathryn Michon and Eugene V. Kelly, Defendants.

No. 80 C 5076.

United States District Court, N. D. Illinois, E. D.

March 6, 1981.

Thomas P. Sullivan, U. S. Atty., by Mary Ann Mason, Asst. U. S. Atty., Chicago, Ill., Gordon A. Jones, Civ. Div., Dept. of Justice, Washington, D. C., for plaintiff.

Eugene V. Kelly pro se.

Barry T. McNamara and Stephen P. Bedell, O'Brien, Carey, McNamara, Scheuneman & Campbell, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM

LEIGHTON, District Judge.

This cause is before the court on the motions of certain defendants to dismiss Count I, II, III, and V, and for a more definite statement as to Counts IV and VI. For the following reasons, the motions are denied as to all but Count V. Also before the court is the application for entry of default against defendant Eugene V. Kelly. Because it appears that Kelly was served on October 7, 1980, and has not answered or otherwise pled, the request for entry of default is granted.

Plaintiff, the United States of America, brought this civil action based on the same facts as those in criminal action No. 78 CR 498, *United States v. Kelly, et al.*, (N.D.Ill., filed Jan. 30, 1978), where defendants Coughlin and Michon entered into a plea agreement with the United States. The civil action is for damages and forfeiture arising out of contract No. 071–75–140 between A and C Investments and the Department of Housing and Urban Development for the repair of structural defects in certain houses located in Harvey, Illinois. Coughlin and Michon were president and vice-president, respectively, of A and C Investments at the time in question, and Kelly was a government employee with the responsibility of supervising the award of the contract to repair the Harvey houses. It is alleged that they schemed to defraud the United States in connection with the contract.

Count I claims that defendants violated the False Claims Act, 31 U.S.C. §§ 231–35, by conspiring to defraud the government in connection with the contract. Count II alleges that the defendants violate that Act by presenting false and fraudulent claims for payment under the contract. In Count III, the United States seeks to void the contract and recover from A and C Investments, Coughlin, and Michon all consideration paid them. Count IV seeks to recover the amount of money paid to Kelly as a bribe, and Count V seeks to state a claim for breach of contract. Finally, Count VI alleges that money paid out under the contract was paid under mistake of fact.

■ Defendants A and C Investments, Coughlin, and Michon have moved to dismiss. These defendants claim that Count I should be dismissed because a corporation cannot conspire with its officers and agents, and that Michon and Coughlin fall within that category. However, as the United States points out, Count I alleges that a conspiracy to defraud existed between the corporate defendant, two of its officers, and a government employee. Consequently, Count I alleges a conspiracy on its face between two or more persons, and defendants' arguments to the contrary are without merit.

■ The moving defendants also claim Counts I and II, dealing with fraud, are defective in that they do not plead specifically enough to satisfy Rule 9(b), Fed.R. Civ.P. However, in *United States v. Hughes*, 585 F.2d 284, 286–88 (7th Cir. 1978), the court held that proof of fraud or intent to defraud is not necessary to establish liability under the Act. Because Counts I and II are statutory claims, rather than common law claims for fraud, Rule 9(b) has no application.

With respect to Count III, the moving defendants argue that the claim is impermissibly based on a criminal statute and is penal in nature. However, the right of the United States to cancel and annul contracts fraudulently obtained is well-established. *United States v. Mississippi Valley Generating Co.*, 364 U.S. 520, 563, 81 S.Ct. 294, 315, 5 L.Ed.2d 268 (1961). In *K & R Engineering v. United States*, 616 F.2d 469, 476 (Ct.Cl.1980), the court noted that the policy of protecting the integrity of the federal procurement process from fraudulent activities of unscrupulous government contrac-

591

tors and dishonest government agents support claims similar to those presented here. Consequently, this court concludes that defendants' arguments are without merit.

■ With respect to Count IV, defendants appear to request either dismissal or a more definite statement. According to defendants, dismissal is apparently warranted on the basis that it does not meet the Rule 9(b) requirements. However, Count IV seeks to recover the bribes allegedly paid to Kelly, and Rule 9(b) therefore does not apply. In addition, defendants alternatively seek a more definite statement under Rule 12(e). Because all that is required by Rule 8 is a "short and plain statement of the claim giving defendants fair notice of plaintiff's claim and the grounds on which it rests," and because this court finds that Count IV satisfies that requirement, the request for more definite statement is denied. *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ Defendants Coughlin and Michon seek dismissal of Count V on the theory that an action for breach of contract may not be brought unless privity of contract is alleged. Plaintiff, however, claims that it will be able to prove through discovery that the corporate form should be disregarded so as to impose liability on Michon and Coughlin. While the corporate veil may be pierced in the interests of justice, *Bangor Punta Operations, Inc. v. Bangor & A. R. Co.*, 417 U.S. 703, 94 S.Ct. 2578, 41 L.Ed.2d 418 (1974), the defendants' reply brief notes that the complaint is devoid of reference to such a claim, and argues that the count should be stricken for failure to state that claim. Because this court finds that the allegations of Count V are insufficient to state a claim against Coughlin and Michon on the basis of disregarding the corporate form of A and C Investments, those defendants' motion to dismiss that count as to them is granted, with leave to amend. *See, e. g., Dernick v. Bralorne Resources, Ltd.*, 84 F.R.D. 92, 94 (S.D.Tex.1979); *Newman v. Forward Lands, Inc.*, 430 F.Supp. 1320 (E.D. Penn.1977).

■ Finally, defendants' contentions concerning Count VI are, at best, specious. In this count, the United States seeks to state a claim for mistake of fact in payment of contract amounts to A and C Investments. Defendants claim that the allegations contained therein instead attempt to state a claim for mistake of law, and argue that such a claim is not recognized under Illinois law. This court has carefully reviewed the complaint, the memoranda, and the relevant law, and finds that a claim for mistake of law has been set forth against the moving parties. The United States clearly has a federal right to recover funds wrongfully or illegally paid, *United States v. Wurts*, 303 U.S. 414, 415, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938), and this right has been satisfactorily alleged as a claim to satisfy Rule 8(a), Fed.R.Civ.P. The court has carefully considered defendants' numerous and lengthy remaining arguments, and finds them to be without merit.

In conclusion, defendants' motion to dismiss or for more definite statement is denied as to Counts I, II, III, IV, and VI; and, with leave to amend, is granted with respect to Count V. Plaintiff may file an amended Count V within 30 days from the date hereof. In addition, plaintiff's motion for default as to defendant Kelly is granted.